**Brenda Fay PARRISH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 490–91.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 26, 1994.

Wesley H. Hocker, Robert A. Morrow, Janet Morrow, Houston, Tx., for appellant.

John B. Holmes, Jr., Dist. Atty., and J. Harvey Hudson, and Jim Mount, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

*OPINION ON REMAND FROM UNITED STATES SUPREME COURT*

MEYERS, Judge.

On original submission, 872 S.W.2d 224, we remanded this cause to the trial court with instructions that the complaint and information charging appellant with driving while intoxicated (DWI) be dismissed. Applying *Grady v. Corbin,* 495 U.S. 508, 510, 110 S.Ct. 2084, 2087, 109 L.Ed.2d 548 (1990), as understood by this Court in *State v. Houth,* 845 S.W.2d 853 (Tex.Crim.App.1992), we held that appellant's prior conviction for speeding was a jeopardy bar to her subsequent prose-cution for DWI. The United States Supreme Court granted certiorari to review this holding. It then overruled *Grady* in an unrelated case, *United States v. Dixon,* 509 U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556, 53 Cr.L. 2291 (1993), summarily vacated our judgment in this cause without reaching the merits, and remanded to us for reconsideration in light of *Dixon.* —— U.S. ——, 114 S.Ct. 41, 126 L.Ed.2d 11 (1993). It is to that task which we now turn.

The offense for which appellant has already been convicted (speeding) and that with which she is now charged (DWI) were committed simultaneously. Thus, the evidence, viewed favorably to the State's allegations, tends to show that appellant was speeding while intoxicated.

The principal elements of speeding are given by the statute which proscribes it.

No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.

Tex.Rev.Civ.Stat.Ann. art. 6701d, § 166(b) (West 1977). Likewise, the elements of DWI are specified by statute.

A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place.

Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(b) (West Supp.1990).

Because *Dixon* reestablished *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), as the sole criteria for analyzing sameness under the Double Jeopardy Clause of the United States Constitution, it follows that any two penal statutes presumably define different offenses when "each provision requires proof of an additional fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182. *See also Rice v. State,* 861 S.W.2d 925 (Tex.Crim.App.1993); *State v. Holguin,* 861 S.W.2d 919 (Tex.Crim. App.1993). That seems to be exactly the case here.

Appellant, however, argues that the lead opinion in *Dixon* "did *not* look only to the statutory, or generic elements of the offenses ... [but] focused on the facts needed to show

violations of the specific court orders in question, as those orders were particularly spelled out regarding each defendant." Appellant's Brief on Remand at 7. She contends that "this Court is free to (or must) refer to its own definition and view of lesser included offenses and proceed from that understanding to a determination when one of its own criminal charges constitutes a species of lesser included offense so as to preclude conviction for another." *Id.* at 9. The point is well-taken.

Although *Dixon* did garner sufficient votes to overrule *Grady,* the essential rule for determining whether different statutes proscribe the same offense so as to bar successive prosecution remains uncertain. Indeed, the core meaning of *Blockburger* is now evidently more in dispute than ever before. The only proposition upon which everyone seems to agree is that greater inclusive and lesser included offenses are the same for jeopardy purposes. *Brown v. Ohio,* 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977). But, determining whether two offenses stand in such a relationship is still a controversial undertaking. Where the so-called "same evidence" test once vied with the "same elements" formulation of *Blockburger,* the essential difficulty after *Dixon* now seems to be the meaning of "same elements."

■ In Texas, an offense is considered to be included within another if, among other things, "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" Tex.Code Crim.Proc.Ann. art. 37.09(1) (West 1981). Our statute law thus describes includedness in much the same way *Blockburger* describes sameness. Yet we have long considered more than merely statutory elements to be relevant in this connection. *See, e.g., Goodin v. State,* 750 S.W.2d 789 (Tex.Crim. App.1988); *Cunningham v. State,* 726 S.W.2d 151 (Tex.Crim.App.1987); *Broussard v. State,* 642 S.W.2d 171, 173 (Tex.Crim.App. 1982); *Day v. State,* 532 S.W.2d 302 (Tex. Crim.App.1976). We acknowledge, for example, that other critical elements of an accusatory pleading, such as time, place, identity, manner and means, although not statutory,

are germane to whether one offense includes another under Texas law and to whether several offenses are the same for jeopardy purposes. *See Ex parte Jefferson,* 681 S.W.2d 33 (Tex.Crim.App.1984); *Neely v. State,* 571 S.W.2d 926 (Tex.Crim.App.1978). We likewise think it reasonably clear from the various opinions in *Dixon* that the essential elements relevant to a jeopardy inquiry are those of the charging instrument, not of the penal statute itself. Statutory elements will, of course, always make up a part of the accusatory pleading, but additional nonstatutory allegations are necessary in every case to specify the unique offense with which the defendant is charged.

■ Concerning the instant cause, it is not apparent from a superficial reading of the relevant penal statutes that speeding and DWI necessarily have any elements in common. "Drive" and "operate" do not always mean the same thing. "Public place" and "highway" are not synonymous. But it is usually, perhaps always, in fact the case that DWI and speeding share the element "driv(ing) a vehicle" because the typical manner of operating a vehicle is by driving it. It is also commonly true in DWI prosecutions that the "public place" in which the vehicle is alleged to have been "driv[en] or operat[ed]" is a "highway," even though one need not drive on a highway to be guilty of DWI.

Because the instrument charging appellant with DWI in this case actually alleges that she did "drive" while drunk, and because the record makes it clear that she was on a "highway" within the meaning of state traffic regulations, we are willing to accept that the manner in which appellant is alleged to have operated her motor vehicle in a public place for purposes of the DWI prosecution now pending against her is the same conduct as that for which she was earlier prosecuted. In other words, to establish that appellant operated a motor vehicle, the State must necessarily prove in this case that appellant drove a motor vehicle. Similarly, to establish that she was in a public place when she did it, the State must necessarily prove that she was on a highway.

But, even assuming the greatest possible overlap between these offenses, it is still

clear that each penal statute requires proof of at least one element not required by the other—in DWI that appellant was intoxicated (art. 6701*l*–1(b)), in speeding that she was driving at an unreasonable or imprudent speed (art. 6701d, § 166(b)). Unlike the relationship between "operate" and "drive" or between "highway" and "public place," neither of these elements is a subset of the other. One element is not merely the specific manner in which, or means by which, appellant's conduct in this instance satisfied or performed the other element. Thus, appellant's alleged intoxication is not that she was "drunk from driving at an imprudent speed," nor was her imprudent speed simply the "hyperactivity of intoxication." At best, proof of intoxication in this case might rationally be taken as some evidence of "imprudence," just as imprudent driving might be some indication of "intoxication." But the State need *never*, in this or in any case, necessarily prove imprudent speed in order to establish intoxication.

■ It follows that Texas law does not regard either DWI or speeding as a lesser included offense of the other. Appellant's suggestion that we resolve the federal double jeopardy issue in this case as we would a question of includedness under Texas law, therefore, avails her nothing in the final analysis. *See Houth*, 845 S.W.2d at 868–70 (Benavides, J., concurring). While we are inclined to agree that the Double Jeopardy Clause does bar prosecution of any offense which, according to Texas law, includes or is included within an offense for which the defendant has already been prosecuted, we do not read the holding in *Dixon* to extend the Fifth Amendment any further than this. Accordingly, our disposition of appellant's contention on original submission has been rendered erroneous in light of subsequent constitutional exegesis by the United States Supreme Court.

■ Nevertheless, appellant argues that "the Texas constitutional jeopardy provision provides independent authority for the result reached in this Court's published opinion barring appellant's DWI trial." Appellant's Brief on Remand at 12. Appellant did urge article I, section 14 of the Texas Constitution

as a separate ground for relief in the habeas court and later on appeal. In fact, the Fourteenth Court of Appeals acknowledged appellant's point of error to be "that her prosecution for driving while intoxicated (DWI) is barred by double jeopardy under the U.S. CONST. Amendments 5 and 14 and TEX. CONST., Article I, Section 14." *Parrish v. State*, 807 S.W.2d 411, 412 (Tex.App.—Houston [14th Dist.] 1991). But the lower court's evaluation of this point was limited to a discussion of United States Supreme Court opinions, none of which control disposition of appellant's claim under the Texas Constitution.

Appellant's petition to this Court likewise urged that review should be granted to determine the scope of Texas constitutional jeopardy prohibitions. Our opinion on original submission did not address this question because it was not separately addressed by the Court of Appeals and because our disposition of her federal claim made it unnecessary. However, because the Double Jeopardy Clause of the United States Constitution no longer bars prosecution of appellant for DWI, we are of the opinion that her double jeopardy claim under the Texas Constitution now merits full separate consideration. Accordingly, the judgment of the Fourteenth Court of Appeals is vacated and this cause is remanded there for consideration of appellant's contention that her prosecution for DWI is barred by article I, section 14 of the Texas Constitution. *See Heitman v. State*, 815 S.W.2d 681 (Tex.Crim.App.1991).

McCORMICK, P.J., dissents.