TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00669-CR







Alfred Gonzalez, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0934803, HONORABLE JON N. WISSER, JUDGE PRESIDING







 Appellant Alfred Gonzalez was convicted of aggravated robbery and injury to an elderly
person and was sentenced to life imprisonment on each count in the Texas Department of Criminal Justice
Institutional Division. See Tex. Penal Code Ann. §§ 22.04, 29.03 (West 1994). On appeal, appellant
argues that his conviction for both aggravated robbery and injury to an elderly person violates the double
jeopardy clauses of the federal and state constitutions. See U.S. Const. amends. V, XIV; Tex. Const. art.
I, § 14. We will affirm the convictions.


BACKGROUND

 It is undisputed that eighty-five-year-old Lora Thurman was robbed and beaten on or about
August 30, 1993. The record shows that appellant and three others entered Thurman's house on that night
and brutally attacked both Thurman and her grandson with a baseball bat and a crowbar. The record
shows that Thurman suffered severe facial injuries including a broken nose that "split all the way to the
skull." Based on this incident, appellant was arrested and indicted on one count of aggravated robbery,
with three alternative statutory aggravating allegations, and one count of injury to an elderly person. The
pertinent parts of the indictment are discussed below.

 The case was tried to a jury. At the conclusion of the evidence, the jury was charged on
both aggravated robbery and injury to an elderly person. The court's charge set out the three alternative
statutory aggravating allegations to the aggravated robbery count, disjunctively. After deliberation, the jury
returned a general verdict finding appellant guilty of both aggravated robbery and injury to an elderly
person. The trial court assessed a life sentence for each offense and judgment was rendered accordingly. 


DISCUSSION

 In points of error one and two, appellant contends that the double jeopardy clauses of the
United States and Texas constitutions were violated because the convictions for aggravated robbery and
injury to an elderly person as alleged in the indictment constituted the same offense arising out of the same
transaction. U.S. Const. amends. V, XIV; Tex. Const. art. I, § 14. Appellant does not separately argue
his state and federal constitutional claims, and proffers no argument or authority to support a holding that,
in the context of this cause, the Texas Constitution's double jeopardy clause differs meaningfully from the
Fifth Amendment. We therefore overrule point of error one, the state double jeopardy claim, and will
conduct our analysis under the federal constitution. See Ex parte Granger, 850 S.W.2d 513, 515 n.6
(Tex. Crim. App. 1993); Queen v. State, 940 S.W.2d 781, 783 (Tex. App.--Austin 1997, pet. ref'd).

 The Fifth Amendment guarantee against double jeopardy embodies three protections: (1)
against a second prosecution for the same offense following conviction; (2) against a second prosecution
for the same offense following acquittal; and (3) against multiple punishments for the same offense. See
Illinois v. Vitale, 447 U.S. 410, 415 (1980); Cervantes v. State, 815 S.W.2d 569, 572 (Tex. Crim.
App. 1991); Queen, 940 S.W.2d at 783. Appellant invokes the third of these protections. Appellant did
not raise his double jeopardy claim below; but, under the circumstances presented, the alleged violation
may be raised for the first time on appeal. See Shaffer v. State, 477 S.W.2d 873, 876 (Tex. Crim. App.
1971); Queen, 940 S.W.2d at 783; Casey v. State, 828 S.W.2d 214, 216 (Tex. App.--Amarillo 1992,
no pet.).

 The double jeopardy guarantee against multiple punishments for the same offense does no
more than prevent the sentencing court from prescribing greater punishment than the legislature intended. 
Missouri v. Hunter, 459 U.S. 359, 366 (1983); Ex parte Kopeck, 821 S.W.2d 957, 959 (Tex. Crim.
App.1992); Queen, 940 S.W.2d at 783. When the same conduct violates more than one distinct penal
statute and each statute requires proof of a fact that the other does not, it is presumed that the two offenses
are not the same and that the legislature intended to authorize multiple punishments. Hunter, 459 U.S. at
366; Blockburger v. United States, 284 U.S. 299, 304 (1932). Conversely, if all the elements of one
statutory offense are contained within the other, it is presumed that the two offenses are the same and that
the legislature did not intend to authorize punishment for both. Whalen v. United States, 445 U.S. 684,
693-94 (1980).

 The Texas Court of Criminal Appeals recently observed that "[t]he core meaning of
Blockburger is now evidently more in dispute than ever before," and that "the only proposition upon which
everyone seems to agree is that greater inclusive and lesser included offenses are the same for jeopardy
purposes." Parrish v. State, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994). The court went on to state:


In Texas, an offense is considered to be included within another if, among other things, "it
is established by proof of the same or less than all the facts required to establish the
commission of the offense charged[.]" Tex. Code Crim. Proc. Ann. art. 37.09(1) (West
1981). Our statute law thus describes includedness in much the same way Blockburger
describes sameness. Yet we have long considered more than merely statutory elements
to be relevant in this connection . . . . We likewise think it reasonably clear from the various
opinions in Dixon that the essential elements relevant to a jeopardy inquiry [under
Blockburger] are those of the charging instrument, not of the penal statute itself. 



Id. (discussing United States v. Dixon, 509 U.S. 688 (1993)). Therefore, after the decision in Parrish,
we have referred to the indictment or the charging instrument to determine the essential elements relevant
to the jeopardy inquiry. See Queen, 940 S.W.2d at 784.

 In this cause, count one of the indictment charged aggravated robbery with three alternative
statutory aggravating allegations which were ultimately submitted in the jury charge disjunctively. In pertinent
part, count one alleged that:


[Appellant] . . . did then and there while in the course of committing theft of property and
with intent to obtain and maintain control of the property,

 

 [Paragraph One] intentionally and knowingly caused serious bodily injury to Lora
Thurman, by striking her with a crowbar. . . .


 [Paragraph Two] intentionally and knowingly threatened and placed Lora Thurman
in fear of imminent bodily injury and death by using and exhibiting a deadly
weapon, namely a crowbar, which in the manner of its use and intended use is
capable of causing serious bodily injury and death. . . .


 [Paragraph Three] intentionally and knowingly caused bodily injury to Lora
Thurman, a person older than 65 years of age by striking her with a crowbar.



Count two alleged:



[Appellant] . . . did then and there, intentionally and knowingly cause serious bodily injury,
and disfigurement and deformity to Lora Thurman, an elderly individual, a person over the
age of 65, by striking Lora Thurman with a deadly weapon, a crowbar, which in the
manner of its use and intended use was capable of causing serious bodily injury and
intended use was capable of causing serious bodily injury or death.



Thus, count one charged appellant with aggravated robbery and count two charged him with injury to an
elderly person. See Tex. Penal Code §§ 22.04, 29.03.

 Appellant contends that, as charged in the indictment, injury to an elderly person is a lesser
included offense of the aggravating element of aggravated robbery. The State argues that aggravated
robbery and injury to an elderly person cannot constitute double jeopardy because unlike injury to an
elderly person, theft is an essential element of aggravated robbery, and unlike aggravated robbery, sixty-five years of age is an essential element of injury to an elderly person.

 Appellant responds that had theft or robbery, and not aggravated robbery, been alleged
in conjunction with injury to an elderly person, there would have been no double jeopardy violation;
however, when the aggravating elements are considered, the two convictions constitute double
punishment for the same offense. In making this argument, appellant persuasively points to the similarities
between the allegations in count two (injury to an elderly person) and the factual and legal elements alleged
in paragraphs one and three of aggravated robbery. 

 We regard this as a close question, but one which we need not decide because as
conceded by the appellant, it is clear that paragraph two of the aggravated robbery count contains
allegations that are separate and distinct from count two. For the sake of clarity, we will do a side-by-side comparison of paragraph two of the aggravated robbery count and count two, injury to an elderly
person. 



Count One, Paragraph Two

(Aggravated Robbery)


[Appellant] . . . intentionally and knowingly
threatened and placed Lora Thurman in fear of
imminent bodily injury and death by using and
exhibiting a deadly weapon, namely a crowbar,
which in the manner of its use and intended use is
capable of causing serious bodily injury and
death. . .


Count Two

(Injury to an Elderly Person)


[Appellant] . . . did then and there, intentionally
and knowingly cause serious bodily injury, and
disfigurement and deformity to Lora Thurman, an
elderly individual, a person over the age of 65, by
striking Lora Thurman with a deadly weapon, a
crowbar, which in the manner of its use and
intended use was capable of causing serious
bodily injury and intended use was capable of
causing serious bodily injury or death


 As seen in this side-by-side comparison of the two counts, unlike paragraph two of the
aggravated robbery count, count two (injury to an elderly person) does not allege that appellant
"threatened" the victim. The reason for this is that aggravated robbery can be completed by the mere
"threat" of imminent bodily injury to an elderly or disabled person, while injury to an elderly person requires
proof of actual bodily injury to an elderly victim. See Tex. Penal Code Ann. §§ 22.04, 29.03(a)(3).


 Therefore, we conclude that injury to an elderly person under a Blockburger/Parrish
analysis is not a lesser included offense of aggravated robbery as alleged in paragraph two which merely
requires the threat of violent conduct to an elderly or disabled person. As a result, we conclude that the
two convictions are not jeopardy barred and multiple punishments are permitted.

 Appellant's only response to our conclusion that double jeopardy is not implicated in this
case is to argue that as long as portions of the indictment create double jeopardy problems, appellant
should be afforded constitutional relief. In other words, it is appellant's contention that in light of a general
verdict on the count of aggravated robbery, appellant cannot determine whether he was punished under
paragraph one (causing serious bodily injury to Lora Thurman), (1) paragraph two (threatening Lora Thurman
and placing her in fear of imminent bodily injury), or paragraph three (causing bodily injury to a person over
the age of sixty-five). (2) Appellant argues that if the jury convicted him of aggravated robbery under either
paragraphs one or three, he should be afforded protection under the double jeopardy clauses of the federal
and state constitutions.


 Assuming without deciding that paragraphs one and three of the aggravated robbery count
and count two (injury to an elderly person) do implicate the double jeopardy clauses of the federal and state
constitutions, appellant's argument must still fail. We conclude that as long as the general verdict of the
jury can be reconciled in such a fashion that it does not implicate the double jeopardy clauses of the federal
and state constitutions, then the convictions and punishments must stand. We regard it as the appellant's
burden to preserve, in some fashion, a double jeopardy objection at or before the time the charge is
submitted to the jury. The record in this case is clear that no objection was made, and thus the jury's
general verdict finding appellant guilty of both aggravated robbery and injury to an elderly person is proper
under the circumstances. (3) See generally Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim. App.
1991) (when indictment alleges alternate theories of committing same offense, it is proper for jury to be
charged in the disjunctive and return a general verdict of guilty). We overrule appellant's second point of
error.

 In his third point of error, appellant argues that the judgment inaccurately reflects a prior
conviction for burglary of a habitation committed on March 10, 1992. The State confesses error and
concedes this point. Having reviewed the record, it is clear that the enhancement allegation regarding
appellant's March 10, 1992 conviction was waived by the State. We therefore hold that the judgment
should be modified to delete any mention of the March 10, 1992 prior conviction. See Tex. R. App. P.
43.2(b). In doing so, we sustain appellant's third point of error and affirm the judgment as modified.



 

 Mack Kidd, Justice

Before Justices Powers, Kidd and B. A. Smith

Modified and, as Modified, Affirmed

Filed: July 16, 1998

Publish
1. See Tex. Penal Code Ann. 29.03(a)(1) (person commits aggravated robbery if he commits robbery
and causes serious bodily injury).
2. See Tex. Penal Code Ann. 29.03(a)(3) (person commits aggravated robbery if he commits robbery
and causes bodily injury to a person sixty-five years or older).
3. By this comment, we do not mean to suggest that, absent objection, appellant is barred from a double
jeopardy claim on appeal. We only mean to suggest that when a jury is charged in the disjunctive and
required to return a general verdict, appellant must in some fashion preserve his contention that a general
verdict would preclude him from raising a double jeopardy claim when at least one of the allegations in the
disjunctive charge would not be jeopardy barred. 


actual bodily injury to an elderly victim. See Tex. Penal Code Ann. §§ 22.04, 29.03(a)(3).


 Therefore, we conclude that injury to an elderly person under a Blockburger/Parrish
analysis is not a lesser included offense of aggravated robbery as alleged in paragraph two which merely
requires the threat of violent conduct to an elderly or disabled person. As a result, we conclude th