TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00197-CR







Ex Parte Gerald Christopher Zuliani, Appellant











FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0962670, HONORABLE JON WISSER, JUDGE PRESIDING






 Gerald Christopher Zuliani appeals from a denial of relief requested under a writ
of habeas corpus. In his writ application, Zuliani argued that an indictment pending against him
was barred by double jeopardy. We will affirm the district-court order denying relief.


THE CONTROVERSY


 In 1990, two-year old C.W. was severely beaten. He died from his injuries. 
Zuliani was indicted for intentionally and knowingly causing serious bodily injury to a child. See
Act of May 29, 1989, 71st Leg., R.S., ch. 357, § 1, 1989 Tex. Gen. Laws 1441 (Tex. Penal Code
Ann. § 22.04(a), since amended). He was convicted for the lesser offense of recklessly causing
the injury. Zuliani's conviction was reversed by this court in 1995 for trial error and remanded
for a new trial. See Zuliani v. State, 903 S.W.2d 812 (Tex. App.--Austin 1995, pet. ref'd).

 On January 21, 1997, the State filed a new indictment against Zuliani. Under count
one of the new indictment, Zuliani is charged with murder; (1) under count two, he is charged with
recklessly causing serious bodily injury to a child. Zuliani filed an application for writ of habeas
corpus, alleging that the murder count was barred by double jeopardy. (2) The trial court denied
relief. Zuliani appeals.

DISCUSSION AND HOLDINGS


 In 1990, Zuliani's indictment read:



Gerald Christopher Zuliani, on or about the 2nd day of January A.D. 1990, . . .
in the County of Travis, and State of Texas, did then and there intentionally and
knowingly engage in conduct that caused serious bodily injury to [C.W.], a child
younger than 14 years of age, by shaking the said [C.W.] and by striking the said
[C.W.] and by pushing and shoving the said [C.W.] into a wall and by causing the
head of the said [C.W.] to strike a blunt object the description of which is to the
Grand Jurors unknown and in a manner and by a means which are to the Grand
Jurors unknown. (emphasis added)



The jury found Zuliani guilty only of "recklessly causing serious bodily injury to a child,"
impliedly acquitting Zuliani of "intentionally and knowingly causing serious bodily injury to a
child younger than 14 years of age." See Green v. United States, 365 U.S. 184 (1957); see also
Tex. Code Crim. Proc. Ann. art. 37.14 (West 1981).

 The question presented is whether Zuliani's implied acquittal for intentionally or
knowingly causing serious bodily injury to a child in the prior trial prevents the State from trying
Zuliani on count one of the pending indictment, which reads as follows:


Gerald Christopher Zuliani, on or about the 2nd day of January, A.D. 1990 . . .
in the County of Travis, and State of Texas, did then and there intentionally and
knowingly cause the death of an individual, [C.W.], by preventing Robbi Boutwell
from obtaining medical care for the said [C.W.].



 United States v. Dixon, 509 U.S. 688 (1993), reestablished Blockburger v. United
States, 284 U.S. 299 (1932), as the sole criteria for analyzing sameness under the double jeopardy
clause of the United States Constitution. Under Blockburger, any two penal statutes define
different offenses when "each provision requires proof of an additional fact which the other does
not." Id. at 304. "Blockburger requires a straightforward comparison of the elements of each
offense, without reference to the actual proof that will be introduced at trial, to determine whether
there is any difference between the crimes." Peter J. Henning, Precedents in a Vacuum: The
Supreme Court Continues to Tinker with Double Jeopardy, 31 Am. Crim. L. Rev. 1, 9 (1993).

 In this case, it is clear that Blockburger alone will not bar Zuliani's prosecution for
murder. In the offense of injury to a child, the victim must be 14 years old or younger. There
is no such requirement for murder. In the offense of murder, the death of a human being is
essential to a conviction, but death is not essential to a conviction for injury to a child. See
Wright v. State, 866 S.W.2d 747, 750 (Tex. App.--Eastland 1993, pet. ref'd) (offenses of murder
and injury to a child different under Blockburger test); see also Florio v. State, 814 S.W.2d 778,
783 (Tex. App.--Houston [14th Dist.] 1991), aff'd, 845 S.W.2d 849 (Tex. Crim. App. 1992)
(under Blockburger, injury to a child and murder do not constitute same offense because each
offense requires proof the other does not).

 Under Texas law, however, our analysis is not complete until we compare the
charging instruments as well as the relevant statutes. The Texas Court of Criminal Appeals in
Parrish v. State, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994) stated:


In Texas, an offense is considered to be included within another if, among other
things, "it is established by proof of the same or less than all the facts required to
establish the commission of the offense charged[.]" Tex. Code Crim. Proc. Ann.
art. 37.09(1) (West 1981). Our statute law thus describes includedness in much the
same way Blockburger describes sameness. Yet we have long considered more
than merely statutory elements to be relevant in this connection . . . We likewise
think it reasonably clear from the various opinions in Dixon that the essential
elements relevant to a jeopardy inquiry [under Blockburger] are those of the
charging instrument, not of the penal statute itself. 



Id. We compare side by side the proof required by the indictments at issue:


 ORIGINAL INDICTMENT PRESENT INDICTMENT


 (1) intentionally or knowingly engaged (1) intentionally or knowingly

 in conduct that 


 (2) caused serious bodily injury (2) caused the death


 (3) to a child younger than fourteen years (3) of an individual

 of age


 (4) by shaking and striking . . . [the child] (4) by preventing Robbi Boutwell

 from obtaining medical care


At first glance, it appears the charging instruments differ in precisely the same way as the relevant
statutes: only the first indictment requires proof that the victim was a child; only the second
requires proof of death.

 Zuliani argues, however, that element two of the first indictment ("serious bodily
injury") is in fact identical to element two of the second indictment ("death"), making the first a
bar to the second. "Serious bodily injury" is defined as "bodily injury that creates a substantial
risk of death or that causes death, serious permanent disfigurement, or protracted loss or
impairment of the function of any bodily member or organ." Tex. Penal Code Ann. § 1.07(a)(46)
(West 1994) (emphasis added). Zuliani argues that Parrish requires us to look not only to the
charging instruments, but also to the record and to the facts actually proved at trial, in order to
complete our analysis. Looking at the record in the first trial, Zuliani argues, it is clear that the
State in fact proved that the result of Zuliani's conduct was the death of C.W.

 In Parrish, the question was whether the appellant's prior conviction for speeding
was a jeopardy bar to her subsequent prosecution for DWI. See Parrish, 869 S.W.2d at 353. The
DWI statute required proof that a person "operated" a motor vehicle in a "public place" while
"intoxicated." The speeding statute required proof that a person "drove" on a "highway" at an
"[excessive] speed." 

 At first glance, the elements seemed to be different. In appellant's indictment for
DWI, however, the State actually alleged that the appellant "drove" a motor vehicle in a public
place, rather than "operated" it, requiring the State to prove under both indictments the same
thing: that the appellant "drove" the motor vehicle. See id. at 354. 

 The court next examined the second element of the DWI statute, that the appellant 
operated the vehicle in a "public place." This differed from the speeding element of "highway." 
But the court noted that the facts to be proved with regard to this element were also identical,
because "the record makes it clear that [appellant] was on a 'highway. . . . '" Id. (emphasis
added). 

 Thus, certain circumstances may require an examination of the record in addition
to an examination of the charging instruments. But does an examination of the record in the case
at issue show that the State was required to prove the same facts under the two charging
instruments? We think not. The State did present to the jury in the first trial evidence that C.W.
ultimately died from his injuries. But we disagree with Zuliani's contention that the presentation
of this evidence makes the relevant elements "identical" for jeopardy purposes.

 In Parrish, the State was required to prove that the appellant operated her vehicle
in a "public place" in order to secure a DWI conviction. The public place where she operated her
vehicle was a "highway." The State was required to prove not only "public place," but under the
circumstances, "highway."

 Also instructive is the opinion in Jacob v. State, 892 S.W.2d 905 (Tex. Crim. App.
1995). In that case, the defendant was indicted and tried for burglary of a habitation with intent
to commit aggravated assault. See Tex. Penal Code Ann. § 30.02(a)(1) (West 1994). The
evidence at trial showed that the defendant in fact severely beat the complaining witness. The
question presented on appeal was whether, given this evidence, the trial court was authorized to
convict the defendant of aggravated assault as a lesser included offense of the charged offense. 
The Court of Criminal Appeals held that it was not, because under section 30.02(a)(1), "the State
is not required to prove that an aggravated assault occurred. Rather, the State must show only that
the defendant intended to commit such assault. . . . While it may be true that when the State
proves an aggravated assault, the proof shows an intent to commit the assault, under Article
37.09(1) facts showing a completed assault are not 'required' to prove the intent to commit such
assault." Jacob, 892 S.W.2d at 909.

 In this case, the indictments do not require the State to prove identical facts with
regard to the result of Zuliani's conduct. The first indictment requires the State to prove only that
Zuliani caused C.W. "serious bodily injury." The indictment does not require proof of death in
order to secure a conviction. The evidence that C.W.'s serious injuries eventually resulted in his
death was, for purposes of conviction, superfluous. Had the State omitted to present such
evidence and instead presented only evidence that C.W. sustained serious head injuries as a result
of Zuliani's actions, it still could have secured a conviction under the identical statute and the
identical charging instrument. 

 Because we believe each of the two indictments presented requires proof of facts
the other does not, we hold Zuliani's implied acquittal in the first trial is not, under the United
States Constitution, a jeopardy bar to the current indictment for murder. Point of error two is
overruled.

 In his final point of error, Zuliani urges that the Texas Constitution's guarantee
against double jeopardy "provides greater protection than its federal counterpart" and "requires
application of the 'same conduct' test [for determining whether two offenses are the same]." This
assertion is not supported by argument, analysis, or pertinent authority. We therefore decline to
consider it. See Ex parte Hernandez, 953 S.W.2d 275, 285-86 (Tex. Crim. App. 1997). Point
of error four is overruled. 

 The district court's order denying relief is affirmed.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: September 24, 1998

Do Not Publish

1. Tex. Penal Code Ann.§ 19.02 (West 1994).
2. Zuliani complains on appeal of another indictment filed by the State in Travis County cause
number 0962670. Because the State has since dismissed the indictment, the issues raised in points
of error one and three are moot and we will refrain from discussing that indictment.

 The court next examined the second element of the DWI statute, that the appellant 
operated the vehicle in a "public place." This differed from the speeding element of "highway." 
But the court noted that the facts to be proved with regard to this element were also identical,
because "the record makes it clear that [appellant] was on a 'highway. . . . '" Id. (emphasis
added). 

 Thus, certain circumstances may require an examination of the record in addition
to an examination of the charging instruments. But does an examination of the record in the case
at issue show that the State was required to prove the same facts under the two charging
instruments? We think not. The State did present to the jury in the first trial evidence that C.W.
ultimately died from his injuries. But we disagree with Zuliani's contention that the presentation
of this evidence makes the relevant elements "identical" for jeopardy purposes.

 In Parrish, the State was required to prove that the appellant operated her vehicle
in a "public place" in order to secure a DWI conviction. The public place where she operated her
vehicle was a "highway." The State was required to prove not only "public place," but under the
circumstances, "highway."

 Also instructive is the opinion in Jacob v. State, 892 S.W.2d 905 (Tex. Crim. App.
1995). In that case, the defendant was indicted and tried for burglary of a habitation with intent
to commit aggravated assault. See Tex. Penal Code Ann. § 30.02(a)(1) (West 1994). The
evidence at trial showed that the defendant in fact severely beat the complaining witness. The
question presented on appeal was whether, given this evidence, the trial court was authorized to
convict the defendant of aggravated assault as a lesser included offense of the charged offense. 
The Court of Criminal Appeals held that it was not, because under section 30.02(a)(1), "the State
is not required to prove that an aggravated assault occurred. Rather, the State must show only that
the defendant intended to commit such assault. . . . While it may be true that when the State
proves an aggravated assault, the proof shows an intent to commit the assault, under Article
37.09(1) facts showing a completed assault are not 'required' to prove the intent to commit such
assault." Jacob, 892 S.W.2d at 909.

 In this case, the indictments do not require the State to prove identical facts with
regard to the result of Zuliani's conduct. The first indictment requires the State to prove only that
Zuliani caused C.W. "serious bodily injury." The indictment does not require proof of death in
order to secure a conviction. The evidence that C.W.'s serious injuries eventually resulted in his
death was, for purposes of conviction, superfluous. Had the State omitted to present such
evidence and instead presented only evidence that C.W. sustained serious head injuries as a result
of Zuliani's actions, it still could have secured a conviction under the identical statute and the
identical charging instrument. 

 Because we believe each of the two indictments presented requires proof of facts
the other does not, we hold Zuliani's implied acquittal in the first trial is not, under the United
States Constitution, a jeopardy bar to the current indictment for murder. Point of error two is
overruled.

 In his final point of error, Zuliani urges that the Texas Constitution's guarantee
against double jeopardy "provides greater protection than its federal counterpart" and "requires
application of the 'same conduct' test [for determining whether two offenses are the same]." This
assertion is not supported by argument, analysis, or perti