# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00536-CR

**David Hardeman, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 3021525, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant David Hardeman guilty of attempted murder and aggravated assault. *See* Tex. Pen. Code Ann. §§ 15.01, 19.02 (West 2003), § 22.02 (West Supp. 2005). The jury assessed appellant's punishment, enhanced by a previous conviction for attempted murder, at ninety-nine years' imprisonment and a $10,000 fine for the attempted murder and at eighty years' imprisonment and a $10,000 fine for the aggravated assault. The only issue presented on appeal is whether appellant's trial counsel rendered effective assistance. We will affirm the convictions.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced the defendant's defense to such a degree that he was deprived of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). We must indulge a strong presumption that counsel's conduct fell within

the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). In most cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Id*.

Appellant contends that trial counsel's representation was constitutionally inadequate in two respects. First, he complains that counsel failed to preserve a double jeopardy violation for appeal. Second, he asserts that counsel failed to challenge three venire members who were unable to consider the full range of punishment.

The constitutional guarantee against double jeopardy protects against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). Greater inclusive and lesser included offenses are the same for double jeopardy purposes. *Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994). Aggravated assault is a lesser included offense of attempted murder if based on the same act. *Godsey v. State*, 719 S.W.2d 578, 584 (Tex. Crim. App. 1986); *Williams v. State*, 622 S.W.2d 578, 579 (Tex. Crim. App. 1981). A double jeopardy violation may be raised for the first time on appeal if the violation is clearly apparent on the face of the record and when enforcement of the usual rules of procedural default would serve no legitimate state interest. *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). Raising the issue in the trial court is important insofar as it is necessary to make a clear record for appeal. *Duvall v. State*, 59 S.W.3d 773, 777, pet. ref'd).

When determining whether two offenses are the same in the multiple punishment context, we compare the offenses as alleged in the indictment. *State v. Perez*, 947 S.W.2d 268, 272 (Tex. Crim. App. 1997). Count one of the indictment in this cause accused appellant of aggravated assault in four paragraphs alleging that he intentionally, knowingly, and recklessly caused bodily injury to the complaining witness by suffocating her with a shirt (paragraph one), striking her with a glass bottle (paragraph two), striking her with a metal object (paragraph three), and striking her with a computer (paragraph four). Count two of the indictment accused appellant of attempted murder in two paragraphs alleging that with the specific intent to commit murder, he attempted to cause the complainant's death by suffocating her with a shirt (paragraph one) and striking her with a metal object (paragraph two). All four paragraphs of count one and both paragraphs of count two were submitted to the jury disjunctively, and the jury returned general verdicts of guilt.

Appellant argues that the aggravated assaults alleged in the first and third paragraphs of count one were lesser included offenses of the attempted murders alleged in count two, but because the jury could have based the aggravated assault conviction on one of the other two paragraphs, a double jeopardy violation is not clearly apparent on the face of the record. *See Duvall*, 59 S.W.3d at 778. Thus, appellant concludes that his attorney's failure to object subjected him to double jeopardy that cannot be remedied on appeal.

The evidence was sufficient to support convictions under all alleged theories of both offenses.[1] Had defense counsel objected to the charge on double jeopardy grounds, the State could

---

[1] The complainant testified that appellant struck her on the head repeatedly with a glass bottle full of change. When she attempted to run away from him, he threw a computer monitor at her, striking her on the arm. As the struggle continued, appellant pushed the complainant to the floor and

3

have abandoned the first and third paragraphs of count one, thereby avoiding any risk of double jeopardy, and still secured convictions for both offenses. Because there is no evidence before us concerning defense counsel's reason for not raising the double jeopardy issue at trial, we cannot say that his failure to make a double jeopardy objection in these circumstances was outside the broad range of reasonable professional assistance.

Appellant's other complaint regarding his representation at trial concerns jury selection. He points to three venire members, each of whom served on the jury, who answered a question in a manner suggesting that they would be unable to consider the minimum punishment if the defendant was a repeat offender. Appellant contends that his counsel was ineffective because he did not challenge these venire members for being biased against a law on which he was entitled to rely. *See* Tex. Code Crim. Proc. Ann. art. 35.16(c)(2) (West Supp. 2005). He also complains that counsel should have questioned these venire members more carefully regarding the right to remain silent and the goals of the criminal justice system, but he does not point to any other grounds for challenging them.

The jury panel was asked several questions, both by the prosecutor and by defense counsel, regarding the range of punishment. Only once, in response to the one question cited by appellant, did the three panelists in question indicate an inability to consider the full range of punishment. Defense counsel had to weigh the panelists' various answers to determine whether they were, in fact, biased against the minimum punishment. In performing this task, counsel had the

---

began to smother her with a shirt. While the shirt was over the complainant's face, appellant hit her several times with an object she described as a metal object, perhaps a pipe. The complainant suffered injuries to her head and arms, including a broken wrist and broken fingers.

4

benefit of being able to observe the panelists, a benefit this Court does not have. Absent any evidence of counsel's reasoning, we cannot fairly state that his handling of jury selection was ineffective.

Appellant has not affirmatively demonstrated that his trial counsel was ineffective. The point of error is overruled and the judgments of conviction are affirmed.

_____

Bob Pemberton, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed:   May 5, 2006

Do Not Publish