Opinion issued on August 2, 2007







 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00673-CR






JASON BERNARD WILSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 268th District Court 

Fort Bend County, Texas

Trial Court Cause No. 43,969 HC






O P I N I O N


 Appellant, Jason Bernard Wilson, has been charged with the third-degree
felony offense of indecency with a child by exposure. (1) Presenting one issue,
appellant challenges the trial court's denial of his pre-conviction application for writ
of habeas corpus on the ground that the State's prosecution violates his constitutional
guarantee against double jeopardy.

 We affirm. 

Background


 The facts underlying this case are undisputed. (2) Appellant admits that he pulled
down his pants and exposed his penis to T.R., an adult, and to her daughter, N.R., a
child under the age of 17. Naming T.R. as the complainant, the State filed a
complaint against appellant charging him with the misdemeanor offense of indecent
exposure. Appellant pleaded guilty and was sentenced to 60 days in jail.

 Citing the exposure to N.R., appellant was then indicted for the third-degree
felony offense of indecency with a child by exposure. Appellant filed a pre-conviction application for writ of habeas corpus alleging that the State's prosecution
is barred by double jeopardy because he had already been convicted of the offense of
indecent exposure for the same act of exposure. The trial court denied appellant's
application. 

 On appeal, appellant seeks reversal of the denial. In one issue, appellant
asserts that his double jeopardy rights are violated by the State's prosecution in this
case because indecent exposure has been held to be a lesser-included offense of
indecency with a child by exposure. 

Standard of Review


 Generally, an appellate court reviews a trial court's decision to grant or deny
relief on a writ of habeas corpus under an abuse of discretion standard of review. Ex
parte Ayers, 921 S.W.2d 438, 440 (Tex. App.--Houston [1st Dist.] 1996, no pet.). 
However, because the facts in this case are uncontested, we review the trial court's
ruling de novo. Ex parte Martin, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999).

Double Jeopardy


 The Double Jeopardy Clause of the United States Constitution protects against
a second prosecution for the same offense after conviction. Brown v. Ohio, 432 U.S.
161, 165, 97 S. Ct. 2221, 2225 (1977); Langs v. State, 183 S.W.3d 680, 685 (Tex.
Crim. App. 2006). Whether offenses defined in two distinct statutory provisions are
the same for double jeopardy purposes is determined by a "same elements" test found
in Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932). 
Blockburger provides, "The applicable rule is that, where the same act or transaction
constitutes a violation of two distinct statutory provisions, the test to be applied to
determine whether there are two offenses or only one is whether each provision
requires proof of a fact which the other does not." Id. Stated more simply, two
offenses are the same if one of the offenses contains all the elements of the other; they
are not the same if each offense has a unique element. See id.; see also Ortega v.
State, 171 S.W.3d 895, 899 (Tex. Crim. App. 2005). Under this standard, greater
inclusive and lesser included offenses are the same offense for double-jeopardy
purposes. Brown, 432 U.S. at 169, 97 S. Ct. at 2226; Parrish v. State, 869 S.W.2d
352, 354 (Tex. Crim. App. 1994). 

 Penal Code section 22.11 provides that a person commits the offense of
indecency with a child by exposure if, with a child younger than 17 years and not the
person's spouse, the person, with intent to arouse or gratify the sexual desire of any
person, exposes the person's anus or any part of the person's genitals, knowing that
the child is present. Tex. Pen. Code Ann. § 21.11(a)(2)(A) (Vernon 2003). In
comparison, a person commits the offense of indecent exposure, under Penal Code
section 21.08, if he exposes his anus or any part of his genitals with intent to arouse
or gratify the sexual desire of any person, and he is reckless about whether another
is present who will be offended or alarmed by his act. Id. § 21.08(a) (Vernon 2003). 
Thus, each offense takes an act that by itself is not criminal, i.e., exposing one's
genitals, and makes it a criminal offense depending on the circumstances in which the
exposure takes place.

 When determining whether one offense is included within another, Texas
courts have long considered more than merely statutory elements to be relevant. 
Parrish, 869 S.W.2d at 354. Specifically, whether one crime is a lesser-included
offense of another depends on the offense charged, its statutory elements, and the
surrounding facts and circumstances of the crimes. Campbell v. State, 149 S.W.3d
149, 155 (Tex. Crim. App. 2004). That is, not only are the elements of the crime as
described in the penal statute germane to determining whether one offense includes
another and whether two offenses are the same for double jeopardy purposes, but so
are the time and place of the crimes, the identity of the victim and accused in each,
and the manner and means by which each was committed. Id. For this reason, the
essential elements relevant to a jeopardy inquiry are those of the charging instrument,
not those of the penal statute itself. State v. Perez, 947 S.W.2d 268, 270 (Tex. Crim.
App. 1997); Parrish, 869 S.W.2d at 354. As explained by the Court of Criminal
Appeals, "Statutory elements will, of course, always make up a part of the accusatory
pleading, but additional nonstatutory allegations are necessary in every case to
specify the unique offense with which the defendant is charged." Parrish, 869
S.W.2d at 354. 

 We are aware that the offense of indecent exposure can be a lesser-included
offense of indecency with a child by exposure when based on the same facts and
circumstances. See Briceno v. State, 580 S.W.2d 842, 842-44 (Tex. Crim. App.
1979). In this case, however, examination of the charging instruments reveals that
appellant was not charged with the same offense. Rather, each charging instrument
contains allegations specifying facts and circumstances unique to each offense. That
is, two separate offenses were charged because each requires proof of a fact that the
other does not. 

 In the indecent exposure case, the complaint alleges, in pertinent part, that
appellant exposed his genitals recklessly and in conscious disregard of whether
another person, T.R., was present, who would be offended and alarmed by such act. 
In contrast, the indictment in the indecency with a child by exposure case alleges, in
relevant part, that appellant exposed his genitals knowing that N.R., a child under the
age of 17 years, was present. The indecent exposure case did not require the State to
prove that appellant exposed himself knowing that N.R., a child under the age of 17
years, was present, and the indecency with a child case does not require the State to
prove that appellant exposed himself in the presence of T.R., a person who would be
alarmed or offended by the exposure. Because, as charged, the indecency with a child
by exposure case requires proof of facts and circumstances that the indecent exposure
case did not, the two charging instruments do not charge the "same offense." 
Accordingly, we hold that the offense of indecent exposure and the offense of
indecency with a child by exposure are not, as alleged in this case, the "same
offense," and thus, do not bar the successive prosecution. 

Conclusion


 We affirm the trial court's order denying appellant's application for writ of
habeas corpus.





 Laura Carter Higley

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.


Publish. Tex. R. App. P. 47.2(b).
1. See Tex. Pen. Code Ann. § 21.11(a)(2)(A) (Vernon 2003).
2. Appellant stipulated to the facts at the hearing on his application for writ of habeas
corpus.