COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-07-00331-CR |
| | § | |
| | § | Appeal from the |
| EX PARTE: MANUEL AMADOR. | § | 409th District Court |
| | § | |
| | § | of El Paso County, Texas |
| | § | (TC#20070D01589) |
| | § | |

**O P I N I O N**

This is an appeal from the court's denial of a pretrial writ of habeas corpus. We affirm.

**I.  SUMMARY OF THE EVIDENCE**

On September 25, 2006, the State charged Appellant with the misdemeanor offense of indecent exposure. The complaint alleged in pertinent part:

> [O]N OR ABOUT **22ND DAY OF SEPTEMBER, 2006** IN THE COUNTY OF EL PASO, STATE OF TEXAS, **MANUEL AMADOR, HEREINAFTER REFERRED TO AS DEFENDANT,** DID THEN AND THERE, WITH INTENT TO AROUSE AND GRATIFY THE SEXUAL DESIRE OF **THE DEFENDANT,** INTENTIONALLY AND KNOWINGLY EXPOSE **HIS GENITALS**, AND THE DEFENDANT WAS RECKLESS ABOUT WHETHER ANOTHER WAS PRESENT WHO WOULD BE OFFENDED AND ALARMED BY HIS ACT IN THAT **DEFENDANT WAS RUBBING HIS GENITALS IN A PUBLIC PARK,** AND **GABRIELA ACOSTA,** WAS PRESENT AND OFFENDED OR ALARMED BY SAID ACT OF EXPOSURE . . . (emphasis in original).

Appellant pleaded guilty to the misdemeanor charge and was sentenced to 120 days confinement.

On April 12, 2007, Appellant was indicted for two counts of the third-degree felony offense of indecency with a child by exposure. The indictment alleged in relevant part:

> [Count I] [O]n or about the **22nd day of September, 2006** and anterior to the

presentment of this indictment, in the County of El Paso and State of Texas, **MANUEL AMADOR, hereinafter referred to as Defendant**, did then and there with the intent to arouse or gratify the sexual desire of **the said Defendant**, intentionally and knowingly expose **any part of Defendant's genitals** to [**G.T.**], a child who was then and there younger than 17 years of age and not defendant's spouse, knowing that said child was present . . . (emphasis in original).

[Count II] [O]n or about the **22nd day of September, 2006** and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, **MANUEL AMADOR, hereinafter referred to as Defendant**, did then and there with the intent to arouse or gratify the sexual desire of **the said Defendant,** intentionally and knowingly **expose any part of Defendant's genitals** to [**K.T.**], a child who was then and there younger than 17 years of age and not defendant's spouse, knowing that said child was present . . . (emphasis in original).

Appellant filed an application for a pretrial writ of habeas corpus on September 6, 2007. A hearing on the writ was held on September 9, 2007. The record from that hearing indicates that on September 22, 2006, Gabriela Acosta and a woman named Baez went to Houston Park located in El Paso, Texas. Acosta was accompanied by her daughter and son, and Baez was accompanied by her daughter. They related that as they went toward the playground part of the park, Acosta and Baez saw Appellant standing near a tree about fifty to sixty feet away. His penis was out from the zipper of his pants, and he was rubbing it. As they did not want the children to see this activity, they took them away from the playground area. Acosta tried to flag down a passing patrol vehicle, but the officer did not see her. Appellant put his penis back into his pants and walked toward a nearby park bench. Acosta called the police, and Appellant was subsequently located on the park bench and detained.

At the close of the hearing, the court took the matter under advisement, and on November 6, 2007, the court signed a written order denying Appellant's writ application.

## II. DISCUSSION

In Appellant's sole issue, he maintains that the court erred in denying his writ of habeas

corpus because the prosecution for the indecency with a child by exposure cases is barred by the Double Jeopardy Clause. Specifically, Appellant contends that indecent exposure is a lesser-included offense of indecency with a child by exposure; therefore, as he was prosecuted and convicted of indecent exposure, he cannot be prosecuted for indecency with a child arising out of the same facts and circumstances.

The State counters that indecent exposure is not a lesser-included offense of indecency with a child by exposure. Alternatively, even if indecent exposure can be a lesser-included offense of indecency with a child by exposure, the two charges each contain allegations specifying facts and circumstances unique to each offense, such that Appellant was charged with two separate offenses, each requiring proof the other did not.

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts "in the light most favorable to the trial judge's ruling and should uphold it absent an abuse of discretion." *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex.Crim.App. 2006). We afford the same amount of deference to the trial court's application of the law to the facts if the resolution of the ultimate questions turns on an evaluation of credibility and demeanor. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003). If the resolution of the ultimate questions turns on an application of legal standards, we review the determination *de novo. Id.*

The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. CONST. AMEND. V. This guarantee applies to the states through the Due Process Clause of the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969). Likewise, article I, section 14 of the Texas Constitution provides that "[n]o person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for

the same offense, after a verdict of not guilty in a court of competent jurisdiction." TEX. CONST. art. I, § 14. Both provisions protect against three distinct abuses: (1) a second prosecution for the same offense after an acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *United States v. Dixon*, 509 U.S. 688, 695-96, 113 S.Ct. 2849, 2855, 125 L.Ed.2d 556 (1993) (citing *North Carolina v. Pearce*, 395 U.S. 711 (1969)). The Court of Criminal Appeals has held that the state and federal double jeopardy provisions are "conceptually identical." *See Stephens v. State*, 806 S.W.2d 812, 814-15 (Tex.Crim.App. 1990), *cert. denied*, 502 U.S. 929, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991); *Phillips v. State*, 787 S.W.2d 391, 393 n.2 (Tex.Crim.App. 1990). Therefore, the Texas constitutional guarantee against double jeopardy does not afford greater protection than the federal double jeopardy provision. *See Stephens*, 806 S.W.2d at 814-15; *Phillips*, 787 S.W.2d at 393 n.2.

In *United States v. Dixon*, the Supreme Court reinstated the "same-elements" test to determine whether a prosecution violates constitutional protections against multiple punishments or successive prosecutions. *See Dixon*, 113 S.Ct. at 2856 (overruling "same-conduct" test of *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990)). Under the same-elements test, we examine the elements of the two offenses to determine whether each requires proof of an additional element that the other does not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

After the Supreme Court decided *Dixon*, the Texas Court of Criminal Appeals reexamined what is meant by "same elements." *See Parrish v. State*, 869 S.W.2d 352, 354-55 (Tex.Crim.App. 1994). In *Parrish*, the Court concluded that the same-elements test under *Dixon* requires more than a comparison of statutory elements; rather, the essential elements relevant to a jeopardy inquiry are those of the charging instrument, not of the penal statute itself. Statutory elements will, of course,

always make up a part of the accusatory pleading, but additional nonstatutory allegations are necessary in every case to specify the unique offense with which the defendant is charged. *Id.* at 354. Critical elements of an accusatory pleading, such as time, place, identity, manner and means, although not statutory, are germane to whether one offense includes another under Texas law and to whether several offenses are the same for double jeopardy purposes. *Id*.

In some instances, it is appropriate to consider whether the offense of indecent exposure can be a lesser-included offense of indecency with a child by exposure. *See Briceno v. State*, 580 S.W.2d 842, 842-44 (Tex.Crim.App. 1979). In *Briceno*, the defendant testified that he was masturbating in his automobile but did not know that two girls, fourteen and fifteen years old, were present. His testimony raised the issue as to whether his conduct was reckless, and hence the trial court's refusal to submit the charge on the lesser-included offense of indecent exposure constituted reversible error. The court held that the elements of indecency with a child and indecent exposure are identical except that indecency with a child requires defendant know that a child is present whereas indecent exposure requires that defendant is reckless as to the presence of another person. We note that *Briceno* was not a case involving a double jeopardy issue involving two separate charges; as such, it does not apply in this case. Our examination of the elements of the charged offenses set out in the charging instruments reveals that although some elements are the same, each charging instrument sets out allegations specifying facts and circumstances that are unique to the offense charged. We find that because each charge requires proof of a necessary fact that the other does not, two separate offenses were charged.

In the indecent exposure case, the complaint alleges that Appellant exposed his genitals recklessly and another person, Gabriela Acosta, was present, who would be offended and alarmed by such act. However, the counts in the indictment in the indecency with a child by exposure case

allege that Appellant exposed his genitals knowing that G.T. and K.T., children under the age of 17 years, were present. The indecent exposure case did not require the State to prove that Appellant exposed himself knowing that children under the age of 17 years were present, and the indecency with a child case does not require the State to prove that Appellant exposed himself and was reckless about another's presence, Gabriela Acosta, a person who would be alarmed or offended by the exposure. As each case required proof of facts and circumstances that the other did not, we find that the two charging instruments do not charge the same offense. Accordingly, we hold that the offense of indecent exposure and the offense of indecency with a child by exposure as set out in the charging instruments are not the same offense and thus, the successive prosecution for indecency with a child is not barred by the Double Jeopardy Clause. *See Wilson v. State,* 248 S.W.3d 256, 258-59 (Tex.App.–Houston [1st Dist.] 2007, pet. dism'd). Appellant's sole issue is overruled.

## III. CONCLUSION

We affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

April 30, 2009

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)