

NUMBER 13-13-00274-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

VAN GOULD, **Appellant,**

**v.**

THE STATE OF TEXAS, **Appellee.**

### On appeal from the County Court at Law No. 2
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Benavides

By one issue, appellant Van Gould challenges his conviction for two counts of

failure to identify, a Class A misdemeanor by enhancement. *See* TEX. PENAL CODE

ANN. § 38.02 (West 2011). Gould asserts that the two counts are multiplicitous and

violate his constitutional protections from double jeopardy.   *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 14.   We affirm.

## I.   BACKGROUND

The State charged Gould by information for various crimes, including two counts of alleged failure to identify himself to a peace officer who had lawfully arrested or detained him.[1]   *See* TEX. PENAL CODE ANN. § 38.02.   Specifically, the State alleged in Count Three that Gould gave a false or fictitious name to Corpus Christi Police Department patrolman Matthew Razzo and alleged in Count Four that Gould gave a false or fictitious date of birth to Officer Razzo.   Gould pleaded not guilty to all counts against him and was tried before a Nueces County jury.

At trial, Corpus Christi Police Department patrolman Braden Tackett testified that in the early-morning hours of his shift on November 5, 2012, he conducted a patrol in the area of Summertime Street and Cool Breeze Drive.   According to Officer Tackett, more emphasis was being placed on that area due to a rise in auto burglaries.   Officer Tackett stated that he received a call that morning regarding a white male wearing a light-colored hat, black shirt, and shorts, who was hiding behind a home's air conditioning unit.   Officer Tackett later made contact with a white male on Cool Breeze Drive, who was wearing a light-colored hat, a black shirt, and black shorts.   The individual was later identified as Gould.   At the time Officer Tackett attempted to make contact, Gould began to run and jumped a fence.   Officer Tackett chased after Gould on

---

[1] Gould was also charged with one count of evading arrest, *see* TEX. PENAL CODE ANN. § 38.04 (West 2011); and one count of resisting arrest.   *See id.* § 38.03 (West 2011).   Neither of these charges are the subject of this appeal.

2

foot and later caught him hiding in a fetal position in a home's back patio. At that point, a struggle ensued, and Gould was handcuffed by Officer Tackett. A short time later, Officer Razzo arrived at the scene to assist Officer Tackett. Officer Razzo took custody of Gould, who was lying on the floor, and escorted him to his police unit.

Officer Razzo testified that he asked Gould to identify himself with his name and date of birth. According to Officer Razzo, Gould told him that his name was "Justin Nell" and gave a date of birth of October 11, 1973.[2] When Officer Razzo ran a background check of "Justin Nell" and the corresponding date of birth, the physical descriptors of "Justin Nell" listed in the police computer system did not match with Gould's physical appearance. Most notably, according to Officer Razzo, was that Gould's eyes are blue, but Justin Nell's eye color was listed in the computer as brown. Officer Razzo notified Officer Tackett of the discrepancies in names and dates of birth, and Officer Tackett continued with his investigation. Gould later properly identified himself to Officer Tackett and gave his correct date of birth of September 17, 1963.

The jury returned a verdict of guilty on all counts, and the trial court ordered Gould to serve an agreed punishment of 140 days' confinement in the Nueces County Jail. This appeal followed.

## II. DOUBLE JEOPARDY

By his sole issue, Gould asserts that he committed only one act of the failure to identify offense, and by charging him with two counts, the State violated his constitutional protections from double jeopardy.

---

[2] Officer Tackett stated that Gould also gave him the name "Justin Christopher Nell," when he asked Gould to identify himself.

**A.      Applicable Law and Standard of Review**

When multiple punishments arise out of one trial, the *Blockburger* test is the starting point in analyzing the two offenses.   *See Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008) (citing *Blockburger v. U.S.*, 284 U.S. 299, 304 (1932)).   Under *Blockburger*, two offenses are not the same if one requires proof of an element that the other one does not.   *Bigon*, 252 S.W.3d at 370.   When resolving whether two crimes are the same for double-jeopardy purposes, we focus on the elements alleged in the charging instrument.   *Id.* (citing *Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994)).

**B.      Discussion**

Gould specifically argues that the fact he gave one false name to two different officers does not amount to two separate violations under section 38.02 of the penal code and his conviction on more than one count violates his protections from double jeopardy.   The record, however, does not support this argument.   According to the criminal information filed by the Nueces County District Attorney, Gould was charged with one count of giving a false or fictitious name to Officer Razzo and with a second count of giving a false or fictitious date of birth to Officer Razzo.   These separate counts required proof of an element to which the other did not—i.e. giving a false or fictitious *name* versus giving a false or fictitious *date of birth*.   *See* TEX. PENAL CODE ANN. § 38.02(b).   Gould was charged with two separate and distinct offenses and found guilty of each.   *See Bigon*, 252 S.W.3d at 370.   As a result, Gould's argument fails.   We overrule Gould's sole issue on appeal.

4

### III.    CONCLUSION

We affirm.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
5th day of September, 2013.