COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-248-CR

  
DANNY 
HOWARD ELDER                                                       APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 90TH DISTRICT COURT OF YOUNG COUNTY
 
------------
 
OPINION
 
------------
        Danny 
Howard Elder appeals his conviction for aggravated sexual assault of a child. In 
four points, he complains that his trial for the charged offenses violated the 
Double Jeopardy Clause, that the evidence is legally and factually insufficient 
to sustain his conviction, and that the trial court erroneously admitted hearsay 
evidence from a person who was not an outcry witness. We will affirm in part and 
vacate and dismiss in part as jeopardy barred.
Background Facts & Procedural History
        Appellant 
was originally indicted for indecency with a child (K.H.) by contact that 
allegedly occurred on November 21, 1998. After a jury was impaneled and trial 
had begun, the trial court granted appellant a three-week continuance due to a 
medical emergency. The jury remained empaneled. On the day trial was scheduled 
to resume, the State indicted appellant in the present case for aggravated 
sexual assault of K.H. on November 21, 1998. A week later, the State moved to 
dismiss the first case based on excess publicity, and the trial court granted 
the motion and dismissed the jury.
        Before 
trial in the present case, appellant filed a special plea of double jeopardy, 
seeking dismissal of the aggravated sexual assault charges based on double 
jeopardy grounds. The trial court overruled appellant’s plea. After a trial, 
the jury found appellant guilty of both counts and assessed his punishment at 
life imprisonment and a $10,000 fine for each offense.
Double Jeopardy
        In 
his first point, appellant contends that his trial for aggravated sexual assault 
was jeopardy barred because the indecency by contact offenses, which were 
dismissed after jeopardy had attached, were lesser included offenses of the 
aggravated sexual assault offenses charged in this case. The State concedes that 
jeopardy had attached as to the indecency offenses, but asserts that those 
offenses were different from the aggravated sexual assault offenses.
        The 
Double Jeopardy Clause of the Fifth Amendment protects a defendant in a criminal 
proceeding against both successive punishments and successive prosecutions for 
the same offense. United States v. Dixon, 509 U.S. 688, 696, 113 S. Ct. 
2849, 2855 (1993).[1]  Greater inclusive and 
lesser included offenses can be the same offense for jeopardy purposes. Brown 
v. Ohio, 432 U.S. 161, 169, 97 S. Ct. 2221, 2227 (1977); Parrish v. 
State, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994). Thus, where the evidence 
shows that the defendant committed only one act that could be used to prove both 
a greater inclusive and a lesser included offense, the defendant cannot be 
convicted of both offenses. Ochoa v. State, 982 S.W.2d 904, 908 (Tex. 
Crim. App. 1998). Indecency with a child by touching the child’s genitals can 
be a lesser included offense of aggravated sexual assault of a child by 
penetrating the child’s sexual organ if the same act is used to prove both the 
touching and the penetration. Id.; DeMoss v. State, 12 S.W.3d 553, 
561 (Tex. App.—San Antonio 1999, pet. ref’d); Hutchins v. State, 992 
S.W.2d 629, 632 (Tex. App.—Austin 1999, pet. ref’d, untimely filed).
        The 
record in this case shows that appellant was charged with violating four 
different statutory provisions on November 21, 1998: two in the first indictment 
(indecency by contact) and two in the second (aggravated sexual assault). The 
indecency offenses required proof of the following facts:
 
•appellant 
engaged in sexual contact with K.H. by touching her genitals (count one) and 
breast (count two);
 
•with 
intent to arouse or gratify the sexual desire of any person; and
 
•K.H. 
was a child under 17 and not appellant’s spouse.

 
See 
Tex. Penal Code Ann. § 21.11(a)(1), (c) (Vernon 2003).
        The 
aggravated sexual assault offenses required proof of the following facts:
  
•appellant 
intentionally or knowingly;
 
•caused 
the penetration of K.H.’s mouth by appellant’s sexual organ (count one) and 
the penetration of K.H.’s sexual organ by appellant’s mouth (count two); and
 
•K.H. 
was a child under 14 and not appellant’s spouse.

  
See 
id. § 22.021(a)(1)(B)(i)-(ii), (2)(B), (b) (Vernon Supp. 2004).
        The 
record also shows that the State used the same acts to prove both the first 
indecency by contact count and the second aggravated sexual assault count. At 
the first trial, Patricia Remington, a case manager, testified that K.H. told 
her appellant had touched her vaginal area with his hand and penis and had also 
licked her vaginal area. According to Remington, K.H. said that these things 
occurred in a van at appellant’s house, once when she was wearing a shirt and 
shorts and another time when she was wearing a blue dress with a watering can on 
it. Remington testified that K.H. said these things happened in January 1999, 
but that facts later developed showing that they may have occurred in November 
1998.
        At 
the second trial (this case), Remington again testified that K.H. told her 
appellant had licked her vaginal area while in the van and that K.H. had 
described two incidents—one when she was wearing a blue dress with a watering 
can on it and one when she was wearing a shirt and pants or shorts K.H. 
testified that appellant had touched her on her vaginal area with his hand and 
mouth.[2]  She testified that the first time it 
happened she was wearing a dress, and the second time she was wearing a shirt 
and pants. K.H.’s mother testified that the incidents occurred in November 
1998.
        Based 
on this record, we hold that the first indecency by contact count was a lesser 
included offense of the second aggravated sexual assault count; the State 
clearly used the same acts by appellant to prove both offenses. Further, 
touching the female sexual organ with the intent to arouse or gratify sexual 
desire is a lesser included species of conduct of the intentional or knowing 
penetration of the female sexual organ. Ochoa, 982 S.W.2d at 910 (Keller, 
J., concurring);[3] accord Cunningham v. State, 
726 S.W.2d 151, 155 (Tex. Crim. App. 1987) (noting that, while aggravated sexual 
assault statute does not require specific intent to arouse or gratify sexual 
desire, the legislature has recognized that penetration may show such intent). 
Therefore, the two offenses were the same offense for double jeopardy purposes, 
and the State was not entitled to seek convictions for both. Brown, 432 
U.S. at 169, 97 S. Ct. at 2227; Ochoa, 982 S.W.2d at 908; Parrish, 
869 S.W.2d at 354. Further, because appellant neither requested nor consented[4] to the dismissal of the first indictment, he could not 
later be prosecuted for the second aggravated sexual assault count unless 
dismissal of the first indictment was based on manifest necessity. Chvojka v. 
State, 582 S.W.2d 828, 830 (Tex. Crim. App. [Panel Op.] 1979). There is no 
evidence in the record that the dismissal here was manifestly necessary;[5] accordingly, appellant’s double jeopardy rights were 
violated when he was prosecuted for the second aggravated sexual assault 
offense.
        Appellant’s 
double jeopardy rights were not, however, violated by the prosecution for the 
first aggravated sexual assault offense. The first count of aggravated sexual 
assault alleged that appellant had caused the penetration of K.H.’s mouth by 
appellant’s sexual organ. Neither of the indecency counts alleged in the first 
indictment—touching K.H.’s genitals or breast—is a lesser included offense 
of this type of aggravated sexual assault, and the State did not present any 
evidence to support this count until the second trial. See Vick v. State, 
991 S.W.2d 830, 833 (Tex. Crim. App. 1999) (holding that, where indictment 
alleged separate and distinct violations of aggravated sexual assault statute 
that could only be proven by different conduct, offenses were separate and 
distinct for double jeopardy purposes); accord Lopez v. State, 108 S.W.3d 
293, 300 n.28 (Tex. Crim. App. 2003) (noting that actor can be prosecuted for 
separate violations of sexual assault statute based on different acts that occur 
in same transaction).
        For 
all of the foregoing reasons, we sustain appellant’s first point as it 
pertains to his prosecution for the second aggravated sexual assault 
count—penetration of K.H.’s sexual organ by his mouth. We overrule the 
remainder of appellant’s first point.
Legal & Factual Sufficiency
        In 
his second and third points, appellant challenges the legal and factual 
sufficiency of the evidence to support his conviction for aggravated sexual 
assault. He contends that the State failed to prove beyond a reasonable doubt 
that he caused the penetration of K.H.’s mouth by his sexual organ,[6] because the only testimony concerning penetration was 
equivocal or in response to leading questions from the State. Appellant also 
infers that K.H.’s testimony was unreliable because the incident was not 
reported for several months and K.H. remembered appellant driving her home after 
the assault, but other witnesses testified that appellant’s wife drove her 
home.
        K.H.’s 
mother, Kayla, explained that she did not report the assault because she “had 
no intentions of putting [K.H.] through all this crap.” Eventually, however, 
K.H.’s maternal grandmother, who was appellant’s neighbor, reported the 
assault because appellant allegedly told her he was building a bomb in order to 
kill Kayla.
        Remington 
testified that K.H. told her “that [appellant]—that he had put his—and I 
believe she said weiner in her mouth. And I asked her what that was like and she 
said like a big fat worm.” Initially, K.H. testified that appellant touched 
her only with his hand. In response to the prosecutor’s questioning, however, 
K.H. testified that appellant put his “weiner,” which was “soft,” into 
her mouth. On cross-examination, K.H. reiterated, “[appellant] touched me with 
his hand and with his weiner.” The nurse who examined K.H. also testified that 
K.H. told her appellant had put his “weiner” into her mouth.
        Applying 
the appropriate standards of review,[7] we hold that 
this evidence is legally and factually sufficient to establish that appellant 
caused the penetration of K.H.’s mouth by his sexual organ. The jury, as trier 
of fact, was free to weigh the evidence and resolve any conflicts in the 
witnesses’ testimony, and the proof of appellant’s guilt does not undermine 
confidence in the jury’s verdict. Jackson, 443 U.S. at 319, 99 S. Ct. 
at 2789; Johnson, 23 S.W.3d at 11. We overrule appellant’s second and 
third points.
Outcry Witness
        In 
his fourth point, appellant complains that the trial court improperly overruled 
his hearsay objection and allowed Remington to testify as the outcry witness 
because Remington was not the first person K.H. told about the assault. 
Appellant contends that the proper outcry witness in this case was K.H.’s 
mother, not Remington.
        Hearsay 
is not admissible except as provided by statute or the rules of evidence. Tex. R. Evid. 802; Long v. State, 800 
S.W.2d 545, 547 (Tex. Crim. App. 1990). Article 38.072 provides that hearsay 
statements made by a child victim that describe the alleged offense are 
admissible as substantive evidence if the statements: (1) were made by the child 
against whom the offense was allegedly committed; and (2) were made to the first 
person, eighteen years of age or older, other than the defendant, to whom the 
child made a statement about the offense. Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a) (Vernon Supp. 
2004); Rodriguez v. State, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991). To 
constitute outcry evidence, the child’s statement must be more than a general 
allegation of sexual abuse; it must describe the offense in some discernable 
manner. Garcia v. State, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990); Reed 
v. State, 974 S.W.2d 838, 841 (Tex. App.—San Antonio 1998, pet. ref’d); Schuster 
v. State, 852 S.W.2d 766, 768 (Tex. App.—Fort Worth 1993, pet. ref’d). 
The trial court has broad discretion in deciding whether a witness qualifies as 
an outcry witness; however, the proper outcry witness is not to be determined by 
comparing statements the child gave to different individuals and then deciding 
which person received the most detailed statement about the offense. Broderick 
v. State, 35 S.W.3d 67, 73 (Tex. App.—Texarkana 2000, pet. ref’d); Reed, 
974 S.W.2d at 841.
        In 
this case, the trial court conducted an in camera hearing to determine who was 
the outcry witness. At the hearing, K.H.’s mother, Kayla, testified that, when 
she first came home from visiting appellant and his wife, K.H. had told her 
appellant had “stuck his weenie” into her mouth, had “licked her 
privates” and told her “boys can do that,” and had touched her breast. 
Kayla further testified that K.H. had reported, in response to Kayla’s 
questioning, that appellant had taken pictures of her with her panties off, and 
she had left her panties in the van. These statements by K.H. were more than a 
mere allusion that something in the area of child abuse was occurring; they were 
sufficient to describe the charged offense in a discernable manner. Although 
Kayla testified that K.H. did not tell her several things that K.H. had told 
Remington, including that appellant had put his hand on K.H.’s vagina and that 
K.H. had taken her dress completely off, the proper outcry witness is not to be 
determined based on the person to whom the child gave the most detailed 
statement. Broderick, 35 S.W.3d at 73. Accordingly, we hold that the 
trial court abused its discretion by designating Remington as the outcry 
witness. See id.; Reed, 974 S.W.2d at 841.
        We 
must now consider whether the trial court’s error was harmful. Because the 
admission of inadmissible hearsay is nonconstitutional error, we disregard the 
error if it did not affect appellant’s substantial rights. Tex. R. App. P. 44.2(b); Moon v. State, 44 
S.W.3d 589, 594-95 (Tex. App.—Fort Worth 2001, pet. ref’d); see also 
Broderick, 35 S.W.3d at 74 (applying Rule 44.2(b) harm analysis to admission 
of hearsay testimony from erroneously designated outcry witness). A substantial 
right is affected when the error had a substantial and injurious effect or 
influence on the jury’s verdict. King v. State, 953 S.W.2d 266, 271 
(Tex. Crim. App. 1997) (citing Kotteakos v. United States, 328 U.S. 750, 
776, 66 S. Ct. 1239, 1253 (1946)); Coggeshall v. State, 961 S.W.2d 639, 
643 (Tex. App.—Fort Worth 1998, pet. ref’d) (en banc). In making this 
determination, we review the record as a whole. Kotteakos, 328 U.S. at 
764-65, 66 S. Ct. at 1248. The admission of inadmissible evidence can be 
rendered harmless if the same or similar evidence is introduced without 
objection elsewhere during trial. Willis v. State, 785 S.W.2d 378, 383 
(Tex. Crim. App. 1989), cert. denied, 498 U.S. 908 (1990); Broderick, 
35 S.W.3d at 75.
        Appellant 
contends that he was harmed by Remington’s testimony because she both 
corroborated K.H.’s testimony and gave details concerning the assault that K.H. 
did not, such as what K.H. said she was wearing, what the location of the 
assault looked like, and what photographs K.H. said were located where the 
assault had occurred.
        At 
trial, K.H. testified that appellant had done “all kinds of sex things” to 
her in a brown and white motor home in his backyard. K.H. testified that 
appellant had touched her “twat”[8] and 
“titties” with his hand and mouth and that he had put his “weiner,” 
which was soft, into her mouth. K.H. further testified that there were pictures 
of girls—both clothed and naked—on the wall at the far end of the motor home 
and that appellant had photographed both himself and her, while naked, with a 
camera that would immediately produce pictures with the push of a button. K.H. 
testified that appellant had stuffed the photos of himself and of K.H. above a 
board that was hanging down from the motor home’s ceiling.
        Remington 
testified that K.H. told her appellant had put his “weiner,” which was like 
a big fat worm, in her mouth and had licked her “twat.” Remington further 
testified that K.H. had told her the assault occurred in an immovable brown van 
by appellant’s home; that appellant had taken photographs of himself and K.H., 
including her “twat” and “butt,” with a polaroid camera and put them in 
a cut out place in the roof of the van; and that there were also photos of naked 
and scantily-clad women in the van. Remington also testified that K.H. said she 
had worn a blue dress with a watering can on it on the date of one assault and a 
shirt and pants or shorts on the date of another assault.
        Paige 
McFall, the investigator who investigated the assault, testified to much of this 
same information without objection.[9]  McFall 
testified that, as part of a multidisciplinary team, she had observed 
Remington’s interview of K.H. and then conducted an investigation and executed 
a search warrant based on what she had learned during the interview. McFall 
testified that she had found a brown and white van consistent with K.H.’s 
description, which contained photographs that K.H. had described during the 
interview. Two of the photos were of skimpily-clad women posed exactly as K.H. 
had described. McFall testified that finding this evidence as K.H. had described 
it was very important because it showed both that K.H. had been in appellant’s 
van and that her account of the incident was credible. Photographs of the van 
and the photos were admitted without objection, as was a picture drawn by K.H. 
that had been found in the van. McFall did not, however, find any naked 
photographs of K.H.
        McFall 
further testified that, in appellant’s home, she had found photographs of 
people that K.H. had described depicting various sexual acts. She also testified 
that she found a photograph, which K.H. had described, of K.H. in a blue dress 
with a watering can on it. This photograph was admitted without objection. 
McFall also testified that she had interviewed appellant’s wife, who said that 
K.H. had left her underwear at appellant’s residence on the date of the 
assault and that appellant had retrieved them from “outside” at his wife’s 
request. Finally, McFall testified that appellant’s wife had said appellant 
was taking medication that made him impotent, which also corroborated part of 
K.H.’s statement.
        Kayla, 
K.H.’s mother, testified that K.H. had come home from visiting appellant 
without her panties on. According to Kayla, appellant’s wife was “rather 
shocked” to learn this, but eventually retrieved the underwear from appellant. 
Kayla also confirmed that, on the date in question, K.H. had been wearing a blue 
dress with a watering can on it, as depicted in the photograph admitted into 
evidence. In addition, Sue Scibeck, the nurse practitioner who examined K.H., 
testified without objection that K.H. had told her that “Danny . . . put his 
mouth on my twat . . . and he put his weiner in my mouth.”
        Having 
reviewed the record as a whole, we cannot say that allowing Remington to testify 
as the outcry witness had a substantial and injurious effect on the jury. 
Evidence the same as or similar to virtually all of Remington’s testimony was 
admitted through several other witnesses without objection. Accordingly, we 
disregard the trial court’s error in admitting Remington’s testimony. Tex. R. App. P. 44.2(b). We overrule appellant’s 
fourth point.
Conclusion
        Having 
disposed of all of appellant’s points, we affirm the trial court’s judgment 
as to count one of the indictment—aggravated sexual assault by the penetration 
of K.H.’s mouth with appellant’s sexual organ. We vacate the trial court’s 
judgment as to count two of the indictment—aggravated sexual assault by 
penetration of K.H.’s sexual organ with appellant’s mouth—and dismiss that 
count as jeopardy barred.
 
  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE

  
PANEL 
F:   CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.
 
PUBLISH
 
DELIVERED: 
February 12, 2004


NOTES
1. 
The Double Jeopardy Clause provides that no person shall “be subject for the 
same offence to be twice put in jeopardy of life or limb.“ U.S. Const. amend. V.
2. 
At both trials, Remington or K.H. also testified that appellant had touched her 
breasts with his hand and mouth. This evidence pertained only to count two of 
the indecency by contact indictment. That count is not at issue in this appeal 
because touching the breast is not an element of aggravated sexual assault and 
was not alleged in the second indictment. Tex. Penal Code Ann. § 22.021(a)(1)(B).
3. 
The age element of the indecency and aggravated sexual assault statutes is not 
an issue in this case; K.H. was only nine years old when she testified at the 
second trial in June 2002. See id. (stating that “a child under age 
seventeen” in indecency statute is logically a lesser included fact of the 
element “a child under age fourteen” in aggravated sexual assault statute) 
(Keller, J., concurring).
4. 
The State points out that appellant never objected to the dismissal; however, 
retrial is jeopardy barred unless the defendant consented to the 
dismissal. Green v. United States, 355 U.S. 184, 188, 78 S. Ct. 221, 224 
(1957); Alvarez v. State, 864 S.W.2d 64, 65 (Tex. Crim. App. 1993).
5. 
There is no evidence what the “excess publicity” was that precipitated the 
State’s motion to dismiss the first indictment. The prosecutor simply stated 
before the second trial that appellant had written a letter to a newspaper 
editor, but there is no evidence that this actually occurred or that the amount 
of publicity generated by the letter made dismissal manifestly necessary.
6. 
Because we have held that the State was barred from prosecuting appellant for 
allegedly penetrating K.H.’s sexual organ, we do not consider appellant’s 
sufficiency challenge as to that offense.
7. 
When reviewing the legal sufficiency of the evidence to support a conviction, we 
review all of the evidence in the light most favorable to the verdict to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 
608, 612 (Tex. Crim. App. 2001). In reviewing the factual sufficiency of the 
evidence, we review all the evidence in a neutral light, favoring neither party. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. 
State, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).
8. 
Remington testified that K.H. referred to her vagina as her “twat.”
9. 
Initially, appellant objected to McFall testifying, without elaboration, that 
K.H. had “described” some photos. Appellant did not, however, object to most 
of the remainder of McFall’s testimony, including that detailed herein.