Alfred **GONZALEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 03–97–00669–CR.

Court of Appeals of Texas,
Austin.

July 16, 1998.

**428**

Linda Icenhauer–Ramirez, Icenhauer–Ramirez & Hubner, P.C., Austin, for Appellant.

Ronald Earle, District Attorney, Philip A. Nelson, Jr., Assistant District Attorney, Austin, for Appellee.

Before POWERS, KIDD and B.A. SMITH, JJ.

KIDD, Justice.

Appellant Alfred Gonzalez was convicted of aggravated robbery and injury to an elderly person and was sentenced to life imprisonment on each count in the Texas Department of Criminal Justice Institutional Division. *See* Tex. Penal Code Ann. §§ 22.04, 29.03 (West 1994). On appeal, appellant argues that his conviction for *both* aggravated robbery *and* injury to an elderly person violates the double jeopardy clauses of the federal and state constitutions. *See* U.S. Const. amends. V, XIV; Tex. Const. art. I, § 14. We will affirm the convictions.

## BACKGROUND

It is undisputed that eighty-five-year-old Lora Thurman was robbed and beaten on or about August 30, 1993. The record shows that appellant and three others entered Thurman's house on that night and brutally attacked both Thurman and her grandson with a baseball bat and a crowbar. The record shows that Thurman suffered severe facial injuries including a broken nose that "split all the way to the skull." Based on this incident, appellant was arrested and indicted on one count of aggravated robbery, with three alternative statutory aggravating allegations, and one count of injury to an elderly person. The pertinent parts of the indictment are discussed below.

The case was tried to a jury. At the conclusion of the evidence, the jury was charged on *both* aggravated robbery and injury to an elderly person. The court's charge set out the three alternative statutory aggravating allegations to the aggravated robbery count, disjunctively. After deliberation, the jury returned a *general verdict* finding appellant guilty of both aggravated robbery and injury to an elderly person. The trial court assessed a life sentence for each offense and judgment was rendered accordingly.

## DISCUSSION

In points of error one and two, appellant contends that the double jeopardy clauses of the United States and Texas constitutions were violated because the convictions for aggravated robbery and injury to an el-

derly person as alleged in the indictment constituted the same offense arising out of the same transaction. U.S. Const. amends. V, XIV; Tex. Const. art. I, § 14. Appellant does not separately argue his state and federal constitutional claims, and proffers no argument or authority to support a holding that, in the context of this cause, the Texas Constitution's double jeopardy clause differs meaningfully from the Fifth Amendment. We therefore overrule point of error one, the state double jeopardy claim, and will conduct our analysis under the federal constitution. *See Ex parte Granger,* 850 S.W.2d 513, 515 n. 6 (Tex.Crim.App.1993); *Queen v. State,* 940 S.W.2d 781, 783 (Tex.App.—Austin 1997; pet. ref'd).

█ The Fifth Amendment guarantee against double jeopardy embodies three protections: (1) against a second prosecution for the same offense following conviction; (2) against a second prosecution for the same offense following acquittal; and (3) against multiple punishments for the same offense. *See Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Cervantes v. State,* 815 S.W.2d 569, 572 (Tex.Crim.App. 1991); *Queen,* 940 S.W.2d at 783. Appellant invokes the third of these protections. Appellant did not raise his double jeopardy claim below; but, under the circumstances presented, the alleged violation may be raised for the first time on appeal. *See Shaffer v. State,* 477 S.W.2d 873, 876 (Tex. Crim.App.1971); *Queen,* 940 S.W.2d at 783; *Casey v. State,* 828 S.W.2d 214, 216 (Tex. App.—Amarillo 1992, no pet.).

█ The double jeopardy guarantee against multiple punishments for the same offense does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Ex parte Kopecky,* 821 S.W.2d 957, 959 (Tex.Crim.App. 1992); *Queen,* 940 S.W.2d at 783. When the same conduct violates more than one distinct penal statute and each statute requires proof of a fact that the other does not, it is *presumed* that the two offenses are not the same and that the legislature intended to authorize multiple punishments. *Hunter,*

459 U.S. at 366, 103 S.Ct. 673; *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Conversely, if all the elements of one statutory offense are contained within the other, it is *presumed* that the two offenses are the same and that the legislature did not intend to authorize punishment for both. *Whalen v. United States,* 445 U.S. 684, 693–94, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980).

The Texas Court of Criminal Appeals recently observed that "[t]he core meaning of *Blockburger* is now evidently more in dispute than ever before," and that "the only proposition upon which everyone seems to agree is that greater inclusive and lesser included offenses are the same for jeopardy purposes." *Parrish v. State,* 869 S.W.2d 352, 354 (Tex.Crim.App.1994). The court went on to state:

> In Texas, an offense is considered to be included within another if, among other things, "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" Tex.Code Crim. Proc. Ann. art. 37.09(1) (West 1981). Our statute law thus describes includedness in much the same way *Blockburger* describes sameness. Yet we have long considered more than merely statutory elements to be relevant in this connection.... We likewise think it reasonably clear from the various opinions in *Dixon* that the essential elements relevant to a jeopardy inquiry [under *Blockburger* ] are those of the charging instrument, not of the penal statute itself.

*Id.* (discussing *United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993)). Therefore, after the decision in *Parrish,* we have referred to the indictment or the charging instrument to determine the essential elements relevant to the jeopardy inquiry. *See Queen,* 940 S.W.2d at 784.

In this cause, count one of the indictment charged aggravated robbery with three alternative statutory aggravating allegations which were ultimately submitted in the jury charge disjunctively. In pertinent part, count one alleged that:

[Appellant] ... did then and there while in the course of committing theft of property and with intent to obtain and maintain control of the property,

> [Paragraph One] intentionally and knowingly caused serious bodily injury to Lora Thurman, by striking her with a crowbar....

> [Paragraph Two] intentionally and knowingly threatened and placed Lora Thurman in fear of imminent bodily injury and death by using and exhibiting a deadly weapon, namely a crowbar, which in the manner of its use and intended use is capable of causing serious bodily injury and death....

> [Paragraph Three] intentionally and knowingly caused bodily injury to Lora Thurman, a person older than 65 years of age by striking her with a crowbar.

Count two alleged:

> [Appellant] ... did then and there, intentionally and knowingly cause serious bodily injury, and disfigurement and deformity to Lora Thurman, an elderly individual, a person over the age of 65, by striking Lora Thurman with a deadly weapon, a crowbar, which in the manner of its use and intended use was capable of causing serious bodily injury and intended use was capable of causing serious bodily injury or death.

Thus, count one charged appellant with aggravated robbery and count two charged him with injury to an elderly person. *See* Tex. Penal Code §§ 22.04, 29.03.

Appellant contends that, as charged in the indictment, injury to an elderly person is a lesser included offense of the aggravating element of aggravated robbery. The State argues that aggravated robbery and injury to an elderly person cannot constitute double jeopardy because unlike injury to an elderly person, *theft* is an essential element of aggravated robbery, and unlike aggravated robbery, *sixty-five years of age* is an essential element of injury to an elderly person.

Appellant responds that had theft or robbery, *and not aggravated robbery,* been alleged in conjunction with injury to an elderly person, there would have been no double jeopardy violation; however, when the *aggravating elements* are considered, the two convictions constitute double punishment for the same offense. In making this argument, appellant persuasively points to the similarities between the allegations in count two (injury to an elderly person) and the factual and legal elements alleged in paragraphs one and three of aggravated robbery.

We regard this as a close question, but one which we need not decide because as conceded by the appellant, it is clear that paragraph two of the aggravated robbery count contains allegations that are *separate* and *distinct* from count two. For the sake of clarity, we will do a side-by-side comparison of paragraph two of the aggravated robbery count and count two, injury to an elderly person.

| **Count One, Paragraph Two (Aggravated Robbery)** | **Count Two (Injury to an Elderly Person)** |
| --- | --- |
| [Appellant] ... intentionally and knowingly *threatened* and placed Lora Thurman in *fear* of imminent bodily injury and death by using and exhibiting a deadly weapon, namely a crowbar, which in the manner of its use and intended use is capable of causing serious bodily injury and death ... | [Appellant] ... did then and there, intentionally and knowingly cause serious bodily injury, and disfigurement and deformity to Lora Thurman, an elderly individual, a person over the age of 65, by striking Lora Thurman with a deadly weapon, a crowbar, which in the manner of its use and intended use was capable of causing serious bodily injury and intended use was capable of causing serious bodily injury or death |

As seen in this side-by-side comparison of the two counts, unlike paragraph two of the aggravated robbery count, count two (injury to an elderly person) does not allege that appellant *"threatened"* the victim. The reason for this is that aggravated robbery can be completed by the mere "threat" of imminent bodily injury to an elderly or disabled

person, while injury to an elderly person requires proof of *actual* bodily injury to an elderly victim. *See* Tex. Penal Code Ann. §§ 22.04, 29.03(a)(3).

Therefore, we conclude that injury to an elderly person under a *Blockburger/Parrish* analysis is *not* a lesser included offense of aggravated robbery as alleged in paragraph two which merely requires the *threat* of violent conduct to an elderly or disabled person. As a result, we conclude that the two convictions are not jeopardy barred and multiple punishments are permitted.

Appellant's only response to our conclusion that double jeopardy is not implicated in this case is to argue that as long as portions of the indictment create double jeopardy problems, appellant should be afforded constitutional relief. In other words, it is appellant's contention that in light of a general verdict on the count of aggravated robbery, appellant cannot determine whether he was punished under paragraph one (causing serious bodily injury to Lora Thurman),[1] paragraph two (threatening Lora Thurman and placing her in fear of imminent bodily injury), or paragraph three (causing bodily injury to a person over the age of sixty-five).[2] Appellant argues that if the jury convicted him of aggravated robbery under either paragraphs one or three, he should be afforded protection under the double jeopardy clauses of the federal and state constitutions.

█ Assuming without deciding that paragraphs one and three of the aggravated robbery count and count two (injury to an elderly person) do implicate the double jeopardy clauses of the federal and state constitutions, appellant's argument must still fail. We conclude that as long as the *general verdict* of the jury can be reconciled in such a fashion that it does not implicate the double jeopardy clauses of the federal and state constitutions,

then the convictions and punishments must stand. We regard it as the appellant's burden to preserve, in some fashion, a double jeopardy objection at or before the time the charge is submitted to the jury. The record in this case is clear that no objection was made, and thus the jury's general verdict finding appellant guilty of both aggravated robbery and injury to an elderly person is proper under the circumstances.[3] *See generally Kitchens v. State,* 823 S.W.2d 256, 258 (Tex.Crim.App.1991) (when indictment alleges alternate theories of committing same offense, it is proper for jury to be charged in the disjunctive and return a general verdict of guilty). We overrule appellant's second point of error.

In his third point of error, appellant argues that the judgment inaccurately reflects a prior conviction for burglary of a habitation committed on March 10, 1992. The State confesses error and concedes this point. Having reviewed the record, it is clear that the enhancement allegation regarding appellant's March 10, 1992 conviction was waived by the State. We therefore hold that the judgment should be modified to delete any mention of the March 10, 1992 prior conviction. *See* Tex.R.App. P. 43.2(b). In doing so, we sustain appellant's third point of error and affirm the judgment as modified.

---

1. *See* Tex. Penal Code Ann. 29.03(a)(1) (person commits aggravated robbery if he commits robbery and causes serious bodily injury).

2. *See* Tex. Penal Code Ann. 29.03(a)(3) (person commits aggravated robbery if he commits robbery and causes bodily injury to a person sixty-five years or older).

3. By this comment, we do not mean to suggest that, absent objection, appellant is barred from a double jeopardy claim on appeal. We only mean to suggest that when a jury is charged in the disjunctive and required to return a *general verdict,* appellant must in some fashion preserve his contention that a general verdict would preclude him from raising a double jeopardy claim when at least one of the allegations in the disjunctive charge would not be jeopardy barred.