COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-295-CR 



 

BILLY ALVIS CAMPBELL III                                                    APPELLANT

A/K/A
BILLY ALVIS CAMPBELL

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 415TH DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                                       ------------

I.  Introduction

In four points, Appellant Billy Alvis Campbell III a/k/a
Billy Alvis Campbell appeals his convictions for aggravated sexual assault of a
child[2]
and indecency with a child by sexual contact.[3]  We affirm. 








II.  Factual and
Procedural History

J.B., the mother of the complainant, B.B., was, until she
moved to Brooklyn, New York, a longtime resident of Parker County.  In the summer of 2001, J.B. moved back to
Parker County to care for her father. 
J.B. enrolled B.B., who turned ten years old in October of 2001, in a
Parker County elementary school.  After
J.B.=s father passed
away, J.B. left Parker County, but she left B.B. in Parker County with her
grandmother, J.B.=s mother. 
B.B.  returned home to live with
J.B. in the summer of 2002.  

Soon after B.B. returned, J.B. noticed significant changes
in her daughter=s personalityCB.B. would not
talk to J.B., she was withdrawn, she lost interest in her pets, she seemed
depressed, she began wearing dark colors, and she Aconstantly@ had nightmares.  B.B. failed classes at school, and she also
began cutting herself.  Several years
later,[4]
B.B. told J.B. that she had had sexual contact with Campbell, the uncle of one
of her friends in Parker County. 








Campbell was subsequently indicted, and a jury found him
guilty of aggravated sexual assault of a child, 
sentenced him to prison for twenty years, and assessed a fine of
$7,500.00 against him.  The jury also
found Campbell guilty of indecency with a child by sexual contact,  sentenced him to prison for twelve years, and
assessed an additional fine of $7,500.00 against him.  This appeal followed.             

III.  Sufficiency of
the Evidence

In his first point, Campbell claims that the evidence
presented at trial was  factually
insufficient to support his conviction for aggravated sexual assault of a
child. 

A. Standard of Review

When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414B15, 417; Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.  Watson, 204 S.W.3d at
417.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at
8.  Thus, we must give due deference to
the fact-finder=s
determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Id. at 9.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint
on appeal.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).  

 








B.  Analysis 

At trial, J.B. testified that B.B. told her that Campbell
had kissed B.B., fondled her, had her perform oral sex on him, put his fingers
inside of her, and performed oral sex on her. 
B.B. testified to the following: 

(1) at a bonfire one night,
Campbell gave her some beer and, in her friend=s bathroom, he AFrench@ kissed her and they Ama[d]e out@; 

 

(2) on another occasion, Campbell
drove B.B. to a park in his truck and AFrench@ kissed her; 

 

(3) one day during the summer of
2002, while she was in her mother=s house in Parker County, Campbell kissed her and had her
put her hands in his pants and touch his penis; 

 

(4) in a field behind her
grandparents= house, Campbell had B.B. perform
oral sex on him; 

 

(5) on two other occasions,
Campbell again had B.B. perform oral sex on him; 

 

(6) on another occasion, Campbell
kissed B.B. and penetrated her vagina with his fingers; and

 

(7) finally, on another occasion,
Campbell pushed B.B. against a wall, kissed her, and pulled her legs around his
hips and Agr[ou]nd himself up against@ her. 

          








The trial court admitted as evidence three written
statements by Campbell.  In the first
statement, Campbell denied having engaged in any sexual activity with B.B.  In the second statement, he admitted to Aflirting@ with and Akissing@ B.B.  In the third statement, he admitted that he Ama[d]e out@ with B.B., and he
said that she Aput her hand down [his] pants@ and that he Aput [his] hand
down hers.@  He
denied having pulled his pants down or having B.B. perform oral sex on him. 

Connie Campbell, one of Campbell=s sisters,
testified for the defense.  She stated
the following:

 (1) she had never seen B.B. in Campbell=s truck, and  she had never seen Campbell drive B.B.
anywhere; 

 

 (2) on the night of the bonfire, none of the
children at the bonfire, including B.B., had any alcohol, and she did not see
Campbell give B.B. any beer; and

 

(3) on that same night, she never
saw Campbell leave or go into a trailer with B.B. 

 








In a very brief argument, Campbell bases his insufficiency
claim almost exclusively on the credibility of B.B., the complainant.  He argues that A[h]er Goth
lifestyle and appearance, her delayed outcry, the lack of corroborating
witnesses as well as her mental state leading to self-mutilation do not lend
themselves to establishing the credibility of her testimony.@  He also contends that the testimony of B.B.=s mother, which Arelated a more
detailed picture of [B.B.=s] circumstances and simply repeated what
[B.B.] had told her,@ further undermines B.B.=s
credibility.  He also claims that the
defense Awitnesses who were
present at the bonfire and on the property where [B.B.] claims these events took
place flatly refute[d]@ B.B.=s allegations.[5]  Finally, he argues that the manner in which
Campbell=s confessions were
obtained, i.e., the promise of a lower bond and the promise that his
cooperation would help him with the District Attorney, Adoes not lend
weight to the State=s case against [Campbell] nor support the
allegations of [B.B.] or the outcry made to her mother thereon. 








The law is well settled. 
The jury, which has the opportunity to observe the demeanor of the
witnesses, is the exclusive judge of the credibility of witnesses and of the
weight to be given testimony; it is also the exclusive province of the jury to
reconcile conflicts in the evidence.  Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); Emenhiser v. State,
196 S.W.3d 915, 929 (Tex. App.CFort Worth 2006,
pet. ref=d); Klein v.
State, 191 S.W.3d 766, 778 (Tex. App.CFort Worth 2006,
pet. granted); Allen v. State, 180 S.W.3d 260, 264 (Tex. App.CFort Worth 2005,
no pet.).  That is, it was up to the jury
to judge B.B.=s credibility and to determine whether to
believe her; we may not substitute our judgment on this matter for the jury=s.  Dewberry v.
State, 4 S.W.3d 735, 740 (Tex. 1999); Emenhiser, 196 S.W.3d at
929; Allen, 180 S.W.3d at 264. 
B.B.=s testimony that Campbell had B.B. perform
oral sex on him and that he penetrated her vagina with his fingers support a
conviction for aggravated sexual assault of a child.  See Tex.
Penal Code Ann. ' 22.021(a)(1)(B)(i), (ii), (v).  Thus, viewing the evidence in a neutral
light, and giving due deference to the jury=s determinations
of B.B.=s demeanor and
credibility, we hold that the evidence is factually sufficient to support the
jury=s verdict on the
count of aggravated sexual assault.  We
overrule Campbell=s first point.        

IV.  Unanimous Jury
Verdict

In his second point, Campbell argues that he was denied a
unanimous jury verdict.      

A. Standard of Review








Our constitution requires a
unanimous jury verdict in all felony cases. 
Tex. Const. art. V, ' 13; Stuhler v. State, 218 S.W.3d 706, 716 (Tex. Crim. App.
2007).  A unanimous
jury verdict requires more than mere agreement on a
violation of a statuteCit ensures that the jury agrees on the
factual elements underlying an offense.  Francis v. State, 36 S.W.3d 121, 125 (Tex.
Crim. App. 2000); Clement v. State, 248 S.W.3d 791, 800 (Tex. App.CFort Worth 2008,
no pet.).  Because of the possibility of
a nonunanimous jury verdict, Aseparate offenses@ may not be
submitted to the jury in the disjunctive.  Francis, 36 S.W.3d at 124S25; Clement,
248 S.W.3d at 800.  The unanimity requirement is not violated, however, when the jury is
instructed on alternative theories, or manner and means, of committing the same
offense.  De Los Santos v. State,
219 S.W.3d 71, 76 (Tex. App.CSan Antonio 2006, no pet.); Cook v. State, 192 S.W.3d 115, 118
(Tex. App.CHouston
[14th Dist.] 2006, no pet.); see also Martinez v. State, 129 S.W.3d 101,
103 (Tex. Crim. App. 2004) (noting that A[w]hen an
indictment alleges differing methods of committing capital murder in the
conjunctive, the jury may properly be charged in the disjunctive@).  When a defendant is charged with multiple
offenses, the jury charge may submit the offenses in the disjunctive, but the
trial court must instruct the jurors that they must be unanimous in deciding
which offense the defendant committed, and the record must show that the
verdict is unanimous.  Rangel v. State,
199 S.W.3d 523, 540 (Tex. App.CFort Worth 2006), pets.
dism=d, 250 S.W.3d 96 (Tex. Crim. App.
2008).          Each separately described conduct in the
aggravated-assault statute is a separate statutory offense.  Vick v. State, 991 S.W.2d 830, 832B33 (Tex. Crim. App. 1999). 
Similarly, each separately described conduct in the indecency with a
child statute is a separate statutory offense. Rangel, 199 S.W.3d at
539B40.      

B. Analysis








Campbell claims that because the jury was informed that it
could convict him under alternative theories of each count, Ait is unclear
whether the jury unanimously found beyond a reasonable doubt either of the two
theories or simply part of the jury found one theory and the remainder found
the other to be true beyond a reasonable doubt in determining guilt.@

An analysis of the jury charge does not bear out Campbell=s contention.  For the count of aggravated sexual assault,
the application paragraph of the jury charge is as follows:

Now, if
you unanimously find from the evidence beyond a reasonable doubt that in
Parker County, Texas, on or about the 1st day of January, 2002, the defendant,
Bill Alvis Campbell, III, did then and there intentionally or
knowingly cause the penetration of the female sexual organ
of [B.B.], a child who was then and there younger than 14 years of age and not
the spouse of said defendant, with the finger of said defendant, then you
will find the defendant guilty of aggravated sexual assault of a child as
charged in the indictment.  Alternatively,
if you unanimously find from the evidence beyond a reasonable doubt that in Parker County,
Texas, on or about the 1st day of January, 2002, the defendant, Bill Alvis
Campbell, III, did then and there intentionally or knowingly cause the
mouth of said [B.B.], a child who was then and there younger than 14 years of
age and not the spouse of said defendant, to contact the penis of said
defendant, then you will find the defendant guilty of aggravated sexual
assault of a child as charged in the indictment. [Emphasis added.]

 








That is, the charge authorized the jurors to convict
Campbell of aggravated sexual assault if they unanimously found that he
had Aintentionally or knowingly cause[d] the penetration of [B.B.=s] female sexual
organ.@  Alternatively, the charge authorized the
jurors to convict Campbell of aggravated sexual assault if they unanimously found
that he had Aintentionally or
knowingly cause[d] the mouth of . . . [B.B.] . . . to contact [Campbell=s] penis.@  Thus, regardless of whether Campbell was
convicted on either the first or the second theory, the charge required that
the jurors be unanimous on at least one of those theories.

The same analysis applies to the count of
indecency with a child.  For that count,
the application paragraph of the jury charge is as follows:  








Now, if you unanimously find from the evidence beyond a
reasonable doubt that in Parker County, Texas, on or about the 1st day of
January, 2002, the defendant, Bill Alvis Campbell, III, did then and there intentionally or knowingly, with the
intent to arouse or gratify the sexual desire of said defendant, engage in
sexual contact by touching any part of the genitals of [B.B.], a child younger than seventeen
(17) years and not the spouse of the defendant, then you will find the
defendant guilty of indecency with a child as charged in the
indictment.  Alternatively,
if you unanimously find from the evidence beyond a reasonable
doubt that in Parker County, Texas, on or about the 1st day of January, 2002,
the defendant, Bill Alvis Campbell, III, did then and there intentionally or knowingly, with the
intent to arouse or gratify the sexual desire of said defendant, engage in
sexual contact by causing the said [B.B.], a child younger than seventeen (17) years and not
the spouse of the defendant, to contact any part of the genitals of the defendant,
then you will find the defendant guilty of indecency with a child as
charged in the indictment. [Emphasis added.]

 

That is, the charge authorized the jurors to convict
Campbell of indecency with a child if they unanimously found that he had Aintentionally or knowingly, with the intent to arouse or gratify [his]
sexual desire, engage[d] in sexual contact by touching any part of [B.B.=s] genitals.@   Alternatively, the charge authorized the
jurors to convict Campbell of indecency with a child if they unanimously found
that he had Aintentionally or
knowingly, with the intent to arouse or gratify [his] sexual desire, engage[d]
in sexual contact by causing . . . [B.B.] . . . to contact any part of
[Campbell=s] genitals.@  Thus, regardless of whether Campbell was
convicted on either the first or the second theory, the charge required that
the jurors be unanimous on at least one of those theories.













Because the jury was instructed, for each
count, on alternative theories  of
committing the same offense, because the charge required unanimity on at least
one theory of each count,[6]
and because the record shows that the verdict for each count was unanimous, we
conclude that Campbell was not denied a unanimous jury verdict.  See De
Los Santos, 219 S.W.3d at 76; Rangel, 199 S.W.3d at
540; Cook, 192 S.W.3d
at 118.  We overrule Campbell=s second point.

V. 
Double Jeopardy

In his third point, Campbell argues that his Fifth
Amendment protection against double jeopardy was violated because he was
punished twice for the same act.                         

A. Standard of Review








The Double
Jeopardy Clause of the United States Constitution provides that no person shall
be subjected to twice having life or limb in jeopardy for the same
offense.  U.S. CONST. amend. V.  Generally, this clause protects against (1) a
second prosecution for the same offense after acquittal, (2) a second
prosecution for the same offense after conviction, and (3) multiple punishments
for the same offense.  Brown v. Ohio,
432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); Ex parte Herron, 790 S.W.2d
623, 624 (Tex. Crim. App. 1990) (op. on reh=g).  

A defendant has the burden to Apreserve, in some fashion,@ a double jeopardy objection at or
before the time that the charge is submitted to the jury.  Gonzalez v. State,
8 S.W.3d 640, 642 (Tex. Crim. App. 2000). 
Because of the fundamental nature of double jeopardy, however, a double
jeopardy claim may be raised for the first time on appeal when Athe undisputed facts show that the
double jeopardy violation is clearly apparent on the face of the record and
when enforcement of usual rules of procedural default serves no legitimate
state interests.@ 
Id. at 643.  When separate
theories for an offense are issued to the jury disjunctively, a double jeopardy
violation is not clearly apparent on the face of the record if one of the
theories charged would not constitute a double jeopardy violation and there is
sufficient evidence to support that valid theory.  Langs v. State, 183 S.W.3d 680, 687
(Tex. Crim. App. 2006).  The fact that the jury's verdict could have
relied on a theory that would violate the Double Jeopardy Clause is not
sufficient to show a constitutional violation Aclearly apparent on the face of the
record.@ 
Id. B. Analysis








 

Campbell asserts that he was punished for
the same act twice under counts I and II of the indictment.

Paragraph A of the count I indictment
against Campbell (aggravated sexual assault) alleges that he penetrated B.B.=s sexual organ
with a finger. Paragraph A of the count II indictment against Campbell
(indecency with a child) alleges that he engaged in sexual contact with B.B. by
touching her genitals.  The jury charge
tracked the indictment as to these two theories. Thus, Campbell argues that
because the penetration of B.B.=s sexual organ by
his finger involves a touching of B.B.=s sexual organ,
the State effectively Acharged the same act and its constituent
components twice in these counts.@

Paragraph B of the count I indictment
against Campbell (aggravated sexual assault) alleges that he caused B.B.=s mouth to contact
his penis.  Paragraph B of the count II
indictment against Campbell (indecency with a child) alleges that he engaged in
sexual contact with B.B. by causing her to contact any part of his
genitals.  Again, the jury charge tracked
the indictment as to these two theories. 
Thus, Campbell argues that A[c]learly one
cannot commit the offense set forth in paragraph B of Count I without also
committing the offense set forth in paragraph B of Count II of the indictment
as they are but the same act.@ 








The record shows that Campbell never made
a double jeopardy objection at trial. 
Therefore, we must evaluate whether the face of the trial record clearly
shows whether a double jeopardy violation exists.  See Langs, 183 S.W.3d at 687 (citing Gonzales
v. State, 973 S.W.2d 427, 431 (Tex. App.CAustin 1998, pet.
granted), aff'd, 8 S.W.3d 640 (Tex. Crim. App. 2000)), (stating that a
double jeopardy claim may be raised for the first time on appeal if  (1) Athe undisputed
facts show the double jeopardy violation is clearly apparent on the face of the
record@; and (2) Awhen enforcement
of the usual rules of procedural default serves no legitimate state interest.@) 

The trial record shows that B.B. testified
as to multiple instances of sexual contact with Campbell: (1) Campbell had B.B.
put her hands in his pants and touch his penis; (2) on three separate
occasions, Campbell had B.B. perform oral sex on him; (3) Campbell penetrated
B.B.=s vagina with his
fingers; (4) Campbell pushed B.B. against a wall, pulled her legs around his
hips and Agr[ou]nd himself up against@ her,@ which, the State
argues, was a touching of B.B.=s body with his
genitals.[7]









Thus, there is sufficient evidence to
support each conviction without a violation of the Double Jeopardy Clause.  For instance, the jury could have convicted
Campbell of aggravated sexual assault based on one of the three occasions on
which B.B. alleged that Campbell had her perform oral sex on him (i.e., causing
her mouth to contact his penis), and it could have convicted Campbell of
indecency with a child based on B.B.=s allegation that
Campbell penetrated her vagina with his fingers (i.e., touching her
genitals).  Clearly, those are two
separate acts; thus, if the jury convicted under those two theories, then there
is no double jeopardy violation. 
Similarly, the jury could have convicted Campbell of aggravated sexual
assault based on B.B.=s allegation that Campbell penetrated her
vagina with his fingers, and it could have convicted Campbell of indecency with
a child based on one of the three occasions on which B.B. alleged that Campbell
had her perform oral sex on him (i.e., causing her to contact his
genitals).  Again, if the jury convicted
under those two theories, then there is no double jeopardy violation.  Thus, a double jeopardy violation is not
clearly apparent from the record.  See
Langs, 183 S.W.3d at 687.








Therefore,
because Campbell failed to properly preserve error on his double jeopardy claim
by raising such an objection at or before the time the charge was submitted to
the jury, and because the alleged double jeopardy violation is not clearly
apparent from the record, we overrule Campbell=s
third point. See, e.g., id. at 686B89. 

 

 

 

VI. 
Admission of Evidence 

 

In his
fourth point, Campbell argues that the trial court violated article 38.22,
section 3(a)(5) of the code of criminal procedure in admitting as evidence
videotaped statements that he made to the police.[8] 

A. Standard of Review and Applicable Law



The code of criminal procedure
states in relevant part that 








[n]o
oral or sign language statement of an accused made as a result of custodial
interrogation shall be admissible against the accused in a criminal proceeding
unless . . . not later than the 20th day before the date of the proceeding, the
attorney representing the defendant is provided with a true, complete, and
accurate copy of all recordings of the defendant made under this article.

 

Tex. Code Crim. Proc.
Ann. art. 38.22, '
3(a)(5) (Vernon Supp. 2008).     We review
a trial court=s decision to admit or exclude
evidence under an abuse of discretion standard, and we will uphold the court=s
decision as long as it lies within the zone of reasonable disagreement. Burden
v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001); Montgomery v.
State, 810 S.W.2d 372, 391 (Tex. Crim. App.1990) (op. on reh=g); West v. State, 121 S.W.3d 95, 100 (Tex. App.CFort
Worth 2003, pet. ref=d). To preserve a
complaint for our review, a party must have presented to the trial court a
timely request, objection, or motion that states the specific grounds for the
desired ruling if they are not apparent from the context of the request,
objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g).  Further, the
trial court must have ruled on the request, objection, or motion, either
expressly or implicitly, or the complaining party must have objected to the
trial court=s refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez
v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).








An
objection preserves only the specific ground cited.  Tex.
R. App. P. 33.1(a)(1)(A); Mosley, 983 S.W.2d at 265; Bell v.
State, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996); see also Fierro v.
State, 706 S.W.2d 310, 317S18 (Tex. Crim. App. 1986) (holding that general objection
is insufficient to apprise trial court of complaint urged and thus preserves
nothing for review).  A general or
imprecise objection is sufficient to preserve error only if the legal basis for
the objection is obvious to the trial court and opposing counsel.  Buchanan v. State, 207 S.W.3d 772, 775
(Tex. Crim. App. 2006).  Whether the
specific grounds for the objection were apparent from the context of the
objection is determined by looking at each situation individually as it
arises.  Heidelberg v. State, 144
S.W.3d 535, 538 (Tex. Crim. App. 2004).

B. Analysis

 








Campbell complains that prior
to trial, his trial counsel had been informed that there were no recordings of
statements made by Campbell.  But three
days before trial, the State informed the defense that it had electronically
recorded statements made by Campbell.[9]  Thus, Campbell argues, the admission of his
recorded statements violated the twenty-day disclosure requirement of article
38.22.  He concludes that Athe
trial court clearly erred in its interpretation of the effect of Section 3,
subdivision 5, of Tex. Code Crim. Proc. 38.22.@

Though Campbell asserts that
this issue was preserved for review, the record suggests otherwise.  Campbell=s
attorney objected to the admission of State=s
Exhibit No. 9 on the following grounds: (1) Campbell=s
rights to assistance of counsel and due process, via the Sixth and Fourteenth
Amendments of the United States Constitutions were violated; and (2) several
portions of the recorded statements were extraneous and irrelevant.  He then stated the following:

I
need to get into the record the fact of surprise because I was only provided
with this videotape on Friday afternoon. 
That is July B excuse me, Friday
morning.  That is July 27th of 2007, this
past Friday morning I was first acquainted with this tape.  I had been previously informed by the
government that no such tape existed . . . If I had been provided that tape
before the pretrial could have been had, I would have made my objections at
that time.  I just want to make sure that
I B the fact if we have to
go somewhere else on this, that they don=t say, hey, you should have done it then.  Well, I had no knowledge.  I was told that no such evidence existed.

 








It is not clear that Campbell=s
attorney actually objected to the admission of the evidence because of its late
disclosure to him; from the statements above, it appears that he used the late
disclosure to explain why he had not made the other objections earlier.  Moreover, he did not specifically base any
objection to the admission of the recorded statements on either art. 38.22 or
its twenty-day requirement.  Therefore,
he did not preserve this issue for review. 
See Tex. R. App. P. 33.1(a)(1);
Martinez v. State, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000)
(stating that A[t]o preserve error regarding
the admission of evidence, a defendant must lodge a timely and specific
objection [in order to] give to the
trial court or the opposing party the opportunity to correct the error or
remove the basis for the objection@); Cisneros
v. State, 692 S.W.2d 78, 83 (Tex. Crim. App. 1985) (stating that Awhen
an objection is made, it must not only identify what is objected to but must
set forth grounds for the objections@); cf.
Banargent v. State, 228 S.W.3d 393, 401 (Tex. App.CHouston
[14th Dist.] 2007, no pet.) (holding that appellant did not preserve article
38.22 error because A[a]lthough [he] presented the
trial court with an objection under article 38.23, the record is devoid of any
indication that he objected under article 38.22@).  

C.  Harm Analysis








Even assuming that Campbell
preserved this issue for review and that admission of the evidence was error,
we conclude that any error was harmless. 
Because any error here was statutory, we apply rule 44.2(b) and
disregard any error Athat does not affect
substantial rights.@  Tex. R. App. P. 44.2(b).  A substantial right is affected when the
error had a substantial and injurious effect or influence in determining the
jury=s
verdict.  King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. United States,
328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); Coggeshall, 961 S.W.2d
at 643.  In making this determination, we
review the record as a whole.  See
Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). During
trial, the State played Campbell=s
videotaped statements for the jury during the testimony of the investigating
officer who interviewed Campbell. 
Afterward, the officer testified that the police sometimes minimize both
the seriousness of the crime and victim=s age
(as the officer did in the videotaped interview) in order to get the
interviewee to keep speaking with the police. 
He also explained that he had not interviewed anyone else after the
videotaped interview with Campbell because Campbell had told him that he had
been alone with B.B. during their encounters. 
He also stated that after the interview, he believed that Campbell had admitted
to the indecency offense. 

During closing arguments, the
State argued that during the videotaped interview, Campbell had Aadmitted
to engaging in sexual contact,@ and
twice pointed out that Campbell said that he put his hands on her vagina.  The State also noted that Campbell had said
that B.B. had touched his penis.  The
State again pointed out these admissions toward the end of closing arguments. 








After reviewing the record, we
determine that Campbell=s admissions in the videotaped
statements were merely duplicative of the admissions contained in his written
statements, which were admitted without objection.  Campbell=s written
statements included his admissions that he Ama[d]e
out@ with
B.B.,  that she Aput
her hand down [his] pants,@ and
that he Aput
[his] hand down hers.@  He denied having pulled his pants down or
having B.B. perform oral sex on him. 
Because the alleged improperly admitted videotaped evidence merely
repeated Campbell=s properly admitted written
statements, any error was harmless.  See
Daniel v. State, 668 S.W.2d 390, 392 (Tex. Crim. App. 1984) (holding that
improperly admitted evidence was not reversible error because the same facts
were proved by other properly admitted evidence); Pina v. State, 38
S.W.3d 730, 736 (Tex. App.CTexarkana
2001, pet. ref=d) (holding that the trial
court=s
admission of statements that were not in compliance with article 38.23 was
harmless error where other substantial parts of the defendant=s
statement had already been admitted without objection). 








We conclude that Campbell=s
substantial rights were not affected because the videotaped statements were
merely duplicative as the admissions Campbell made in them were proved by other
properly admitted evidence. Therefore, any error was harmless. Accordingly, we
overrule Campbell=s fourth point.[10]

 

 

 

 

 

 

VII.  Conclusion

Having overruled all of Campbell=s
points, we affirm the trial court=s judgment.

PER CURIAM

 

PANEL:  MCCOY, DAUPHINOT,
and HOLMAN, JJ.








DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: August 7, 2008











[1]See Tex. R. App. P. 47.4.





[2]See Tex.
Penal Code Ann. ' 22.021(a)(1)(B) (Vernon Supp.
2008).





[3]See id. ' 21.11(a)(1) (Vernon Supp. 2008).





[4]Campbell was tried in July of
2007.  J.B. stated that B.B. told her
what had happened about a year and a half earlier.





[5]Of the two witnesses called by the
defense, only Connie Campbell testified as to the events at the bonfire.





[6]The unanimity requirement in the
jury charge in this case is similar to the type of jury charge recently
approved by the Texas Court of Criminal Appeals.  See Ngo v. State, 175 S.W.3d 738, 744B45 (Tex. Crim. App. 2005).  In that decision, which concerned credit card
abuse, the Court held that the following jury charge was erroneous because it
did not require unanimity on at least one of three disjunctively submitted
offenses:  

 

Now,
if you find from the evidence beyond a reasonable doubt that [appellant] on or
about the 13th day of December, 2002, did then and there unlawfully,
intentionally or knowingly steal a credit card owned by the card holder, Hong
Truong, with intent to deprive the cardholder of the property and without the
effective consent of the cardholder;  or

 

If
you find from the evidence beyond a reasonable doubt that [appellant] on or
about the 13th day of December, 2002, did then and there unlawfully and
knowingly receive with intent to use a credit card owned by card holder, Hong
Truong, knowing the credit card had been stolen;  or

 

If
you find from the evidence beyond a reasonable doubt that [appellant] on or
about the 13th day of December, 2002, with intent to obtain a benefit
fraudulently, did use or present to [H]anh Nguyen a credit card knowing the use
was without the effective consent of the cardholder, Hong Truong, namely
without consent of any kind, and knowing that the credit card had not been
issued to the defendant, then you will find [appellant] guilty as charged in
the indictment.    

 

Id. at 742 n.5, 744B49. 
The court noted that a correct version of the charge would have been the
following:

 

Now,
if you unanimously find from the evidence beyond a reasonable doubt that
[appellant] on or about the 13th day of December, 2002, did then and there
unlawfully, intentionally or knowingly steal a credit card owned by the card
holder, Hong Truong, with intent to deprive the cardholder of the property and
without the effective consent of the cardholder;  or

 

If
you unanimously find from the evidence beyond a reasonable doubt that
[appellant] on or about the 13th day of December, 2002, did then and there
unlawfully and knowingly receive with intent to use a credit card owned by card
holder, Hong Truong, knowing the credit card had been stolen;  or

 

If
you unanimously find from the evidence beyond a reasonable doubt that
[appellant] on or about the 13th day of December, 2002, with intent to obtain a
benefit fraudulently, did use or present to [H]anh Nguyen a credit card knowing
the use was without the effective consent of the cardholder, Hong Truong,
namely without consent of any kind, and knowing that the credit card had not
been issued to the defendant, then you will find [appellant] guilty as charged
in the indictment.

 

Id. at 749 n.44.





[7]The indictments alleged that the
incidents took place Aon or about the 1st day of January,
2002,@ and the jury charge tracked this
language.  It is well settled that the Aon or about@ language of an indictment allows
the State to prove a date other than the one alleged in the indictment as long
as the date is prior to the presentation of the indictment and not so remote
that prosecution is barred by the statute of limitations.  Sledge v. State, 953 S.W.2d 253, 256
(Tex. Crim. App. 1997).





[8]Campbell=s point states that the trial court
erred in overruling his objections Ato the admission of SX-6-8.@ 
The argument section of this point concerns the admission of the
videotaped statements that Campbell made to the police.  But the videotape was admitted into evidence
as State=s Exhibit No. 9; Campbell=s written statements to the police
were admitted into evidence as State=s Exhibits Nos. 6, 7, and 8.  We base our analysis on the substance of
Campbell=s argument, i.e., the admission of
the videotaped statements.  





[9]During the videotaped interview,
the investigating police officer who interviewed Campbell told him that the
interview was being recorded.





[10]Moreover, the court of criminal
appeals has stated that the purpose of the twenty-day requirement of article
38.22, section 3(a)(5), is to allow the defense to prepare possible challenges
to the admissibility or credibility of the recorded statements.  Tigner v. State, 928 S.W.2d 540, 546
(Tex. Crim. App. 1996).  In this case,
the State provided Campbell=s attorney with the recorded statements on Friday, July 27,
2007.  Voir dire examination took place
on Monday, July 30, 2007, and the trial began on Tuesday, July 31, 2007.  Following Campbell=s attorney=s objection to admission of the
recording, the prosecutor stated that Campbell=s attorney had told him that he had
Areviewed the tape at least three
times in its entirety [the previous] weekend and then once again.@ 
Campbell=s attorney did not deny this, nor
did he ask for a continuance.