ACCEPTED
06-14-00155-cr
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/29/2014 3:35:40 PM
DEBBIE AUTREY
CLERK



RED RIVER COUNTY COURT HOUSE

# RED RIVER COUNTY

## District and County Attorney

### Val J. Varley

400 N. Walnut Street
Clarksville, TX 75426-4012
(903)427-2009 Fax (903)427-5316

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

12/30/2014 3:45:00 PM

DEBBIE AUTREY
Clerk

December 29, 2014

Debbie Autrey, Clerk
Sixth Judicial District Court of Appeals
100 N. State Line Ave., Ste. 20
Texarkana, Texas   75501

> RE:   Cause No. 06-14-00155-CR; *Billy Wayne Marcy v. The State of Texas*; in the Sixth Judicial District Court of Appeals at Texarkana

Dear Ms. Autrey:

The State of Texas (the State), by and through Val J. Varley, the elected County and District Attorney of Red River County, moves this Court to accept this letter brief in "another form in the interest of justice." *See* Tex. R. App. P. 9.4.  The State prays for such relief.

On December 3rd, the appellant, Billy Wayne Marcy, filed his brief that questioned whether the trial court erred in assessing attorney's fees against him. The State will confess error and concede this point. *See Gonzalez v. State*, 973 S.W.2d 427, 431 (Tex. App.--Austin 1998) (the judgment inaccurately reflected a prior conviction for burglary of a habitation; The State confesses error and concedes this point), *aff'd*, 8 S.W.3d 640 (Tex. Crim. App. 2000).

A claim of insufficient evidence to support court-appointed attorney fees is reviewable on direct appeal. *See Robert Shane Kinslow v. The State of Texas*, No. 06-14-00083-CR, 2014 Tex. App. LEXIS 13619, at * 3 (Tex. App.--Texarkana December 19, 2014, n.p.h.) (mem. op., not designated for publication) (citing *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).  In *Kinslow*, an appeal from Red River County, this Court held that "[c]ourt-appointed attorney fees cannot be assessed against an indigent person unless there is proof and a

finding that he or she is no longer indigent." *See Kinslow*, 2014 Tex. App. LEXIS 13619, at * 4 (citing *Cates v. State*, 402 S.W.3d 250, 251-52 (Tex. Crim. App. 2013); *Mayer*, 309 S.W.3d at 556-57)).

In the present case, it is undisputed that, before trial, the court determined that Marcy was indigent and appointed trial counsel to represent him. The court also appointed counsel to represent him on appeal. Nothing in this appellate record provided sufficient proof to support a finding, either express or implied, that Marcy was no longer indigent. Here, as in *Kinslow*, the assessment of attorney's fees was erroneous; and therefore, the State will concede error. *See id* (citing *Cates*, 402 S.W.3d at 252; *Mayer*, 309 S.W.3d at 552, *Martin v. State*, 405 S.W.3d 944, 946-47 (Tex. App.--Texarkana 2013, no pet.)). This Court should modify the trial court's judgment in CR01988 by deleting the attorney-fees component of the assessment and should affirm, as modified. *See* Tex. R. App. P. 43.2(b); *Gonzalez*, 973 S.W.2d at 431. The State prays for such relief along with any other relief, both at law and in equity, to which it may be justly and legally entitled.

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, this letter brief was a computer-generated document and contained 528 words--not including the Appendix (not applicable here). The undersigned attorney certified that he relied on the word count of the computer program, which was used to prepare this document.

Sincerely,
/s/Val Varley

Val J. Varley
